This is a suit for $300 damages for physical injuries sustained by plaintiff arising out of an automobile accident which occurred on Sunday morning, December 12, 1937, at about 7:40 o'clock a.m., on South Galvez Street between Palmyra and Banks Streets in the City of New Orleans. A truck, admittedly owned by the defendant, Longino Collins, Inc., and driven by Wilson Farnsworth, one of its employees, collided with a tent, used as a W.P.A. watchman's station, situated on the neutral ground of South Galvez Street, and in which, at the time, plaintiff and others were awaiting orders in connection with their employment.
Longino Collins, Inc., as the employer of Wilson Farnsworth, and the Travelers Indemnity Company, as the public liability insurer of Longino Collins, Inc., were joined with Wilson Farnsworth, the driver of the truck, as defendants.
Plaintiff predicates his suit against Longino Collins, Inc., on the theory of respondeat superior, and the Travelers Indemnity Company is made a party-defendant pursuant to the provisions of Act No. 55 of 1930. The policy issued in favor of the named insured also contained what is usually termed an "omnibus clause".
Plaintiff avers that the sole and proximate cause of the accident was due to the negligence and carelessness of Wilson Farnsworth, who was then operating his employer's car on a mission connected with his employer's business affairs, within the scope of his employment and duties as a chauffeur, and with the knowledge and consent of his employer.
The defendant, Wilson Farnsworth, entered a general denial to plaintiff's petition. Longino Collins, Inc. and the Travelers Indemnity Company made joint defenses denying that, at the time of the accident, the chauffeur was acting within the scope of his employment and the coverage limits of the policy of insurance, and averred affirmatively that the use of the truck by Wilson Farnsworth at the time was unauthorized, without its permission, knowledge or consent, and in no way connected with his employer's business affairs; that, on the contrary, Farnsworth was operating said truck at the time on a personal mission of his own and in violation of the general instructions of his employer.
After a trial on the merits, the court below dismissed plaintiff's suit as to Longino Collins, Inc. and the Travelers Indemnity Company, but rendered judgment, in favor of the plaintiff, against Wilson Farnsworth, the driver of the truck, in the amount of $300. The case is now before us on appeal from that judgment by plaintiff, no appeal having been taken by defendant, Wilson Farnsworth.
Counsel for appellant, in their brief and in argument, concede that Wilson Farnsworth, the driver of the truck, was on a mission of his own, having no connection with his employer's business, and accordingly the doctrine of respondeat *West Page 249 
superior is not applicable in this instance. This admission, accordingly, automatically relieves the defendant, Longino 
Collins, Inc., of any liability, and the sole issue before us is the liability of the insurer under the "omnibus" coverage clause in its policy of insurance issued to Longino Collins, Inc.
The facts pertinent to the issue involved are that Wilson Farnsworth had been in the regular employ of Longino Collins, Inc., as a porter or general utility man, for a period of over twenty years. His primary duties called for by the nature of his employment were under the direct supervision of the president of the corporation. These duties involved the general sanitation and cleanliness of the plant and at other times receiving orders for the delivery of articles, the mailing and receiving of packages, and such other incidental matters, making use of one of the motor vehicles of his employer. A chauffeur's license was obtained by his employer for him as an end to facilitate the performance of these duties. The record further discloses that there was a standing and well-known rule of the company prohibiting any employee from operating or making use of any of its motor vehicles without the specific authorization of a superior. Unquestionably, in this instance, the chauffeur, Wilson Farnsworth, discharged the duties of his employment through the use of one of his employer's vehicles only upon specific order, in other words, he being ordered to do whatever was required of him as a general "handy man", and in the performance of these duties making use of his employer's truck to accomplish the desired purpose.
It is shown that on the night preceding the morning of the accident, the upstairs assembly room, formerly used as a cafeteria by Longino Collins for its employees, was loaned by its general manager to the students of Rugby Academy, this for the purpose of having a student dance to obtain funds for the purchase of band instruments. Wilson Farnsworth and a negro girl, Laura Stewart, employees of Longino Collins, Inc., were asked by the latter's general manager to render services in connection with that evening's entertainment. It is shown that remuneration for their services was paid, not by Longino Collins, Inc., but out of the entertainment funds realized. After completing their services, which was then about 3:30 o'clock a.m., Farnsworth then decided to accompany his co-worker, Laura Stewart, to her home. Because of the then prevailing inclement weather, Farnsworth asked the watchman of Longino Collins, Inc., to call a taxicab. After waiting an hour, and receiving no response, it is shown that Farnsworth went to the garage wherein was stored the twenty-odd motor vehicles of Longino Collins, Inc. He states that he made no request of the watchman for the use of the vehicle, nor did he make any statement to him that he intended to or would use one of his employer's motor vehicles. On reaching the garage, two doors beyond the main entrance of Longino 
Collins, Inc., he admits having opened the unlocked doors, found the keys in the key-lock and driving out one of the trucks. He then proceeded to drive his co-worker to her home and, though the record does not disclose what transpired between the hour that he reached his companion's home and the hour of the accident, it is evident that he was in her company or until about the hour of 7:00 or 7:30 o'clock a.m. The lateness of the hour, assumingly making inadvisable an appearance at his home, he proceeded to return to his employer's plant, and whilst thus engaged resulted in the accident and injuries complained of.
The "omnibus clause", relied upon by plaintiff for recovery, reads as follows:
"The unqualified word `insured' wherever used in coverage A and B in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is `pleasure and business' or `commercial', each as defined herein, and provided further that the actual use is with the permission of the named insured."
As authority for their contention that the "omnibus clause" of the policy of public liability insurance involved in the instant case extends coverage to Wilson Farnsworth as the driver of the truck, counsel for plaintiff and appellant cite and rely upon the recent case of Parks v. Hall, 189 La. 849, 181 So. 191, 194. A reading of this case convinces us that it is clearly inapposite and distinguishable from the case at bar. In that case the assured instructed his chauffeur to use the car for a specific purpose and return it to the assured's residence. The chauffeur, after attempting *West Page 250 
unsuccessfully to perform the errand, used the car for his own purposes, and, upon returning, negligently caused the collision in which the plaintiffs were injured. The trial court's judgment for the plaintiff was reversed by the Court of Appeal, 179 So. 868, and the Supreme Court, in turn, reversed the judgment of the Court of Appeal, holding that the permission to take the automobile accorded to the chauffeur in the first instance, irrespective of the use to which the chauffeur put the car while in his possession, was "permission of the assured" within the meaning and contemplation of the "omnibus clause", thus making the insurer liable.
The ratio decidendi of the Hall case is succinctly stated in a single paragraph of the Supreme Court's opinion, and which reads as follows:
"We therefore conclude that the permission of the assured to Hall to use the car in the first instance, irrespective of the use to which he put the car while in his possession, was`permission of the assured' within the meaning and contemplationof the `omnibus clause' and the insurer is therefore liable to plaintiffs thereunder." (Italicized words emphasized by the Supreme Court.)
It is obvious that the controlling factor is whether or not the initial use of the car was with the permission of the owner, the named assured. In the case at bar, Wilson Farnsworth did not seek, nor did he obtain, the permission and consent of the named assured for the use of the truck, from which the accident arises. Certainly, the vehicle was initially taken, not for the purpose of serving the business interests or affairs of his master, nor with its knowledge, consent, or permission, express or implied. In the instant case the clear, distinguishing feature is that there was never any initial permission granted the employee so as to come within the coverage, terms and conditions of the policy, the trip being unauthorized from its very inception.
Furthermore, it was a use which his employer had forbidden under admitted and well-known regulations. The status of the employee, Farnsworth, in making use of his employer's truck without the latter's permission, express or implied, was that of an interloper and constituted an intrusion in and conversion of his employer's property violative of existing regulations. Stephenson v. List Laundry Dry Cleaners, Inc., 186 La. 11,171 So. 556; Farnet v. DeCuers et al., La.App., 195 So. 797.
The case of Burglass v. Burglass et al., La.App., 193 So. 275, involved a suit for damages under the "omnibus clause" arising from an automobile accident. Plaintiff having failed to allege that the operator of the automobile, at the time of the accident, had obtained the permission of the named assured, was met by an exception of no cause or right of action. The lower court having sustained the exception and dismissed the suit, the matter was presented to us for review. We declared the petition defective, but reversed the judgment and remanded the case to permit plaintiff to cure this defect by amendment. In the course of our opinion, we said:
"* * * Of course, it is an indispensable condition to the liability of the insurance company that the accident should happen under circumstances [permission of the named assured] mentioned in the policy. In other words, that it should be within the coverage."
Referring to the "omnibus clause" of the insurance policy, quoted supra, the liability of the insurer is warranted only when "the actual use is with the permission of the named insured".
We therefore conclude that, at the time of the accident, the truck of the named assured was operated without its knowledge, consent or permission, express or implied, thereby relieving the defendant insurer from all liability.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.
Affirmed.
WESTERFIELD, J., recused. *West Page 446