81 So.2d 79 (1955)
Lionel PARKER
v.
GREAT AMERICAN INDEMNITY COMPANY.
No. 20549.
Court of Appeal of Louisiana, Orleans.
June 15, 1955.
*80 Robert J. Pitard, New Orleans, for plaintiff and appellee.
Christovich & Kearney, New Orleans, for defendant and appellant.
McBRIDE, Judge.
Lionel Parker seeks recovery of the sum of $360.41, representing the amount of the damages sustained by his Plymouth sedan when it was negligently run into by a Ford truck (tractor) on the evening of February 17, 1954, on St. Anthony Street in the City of New Orleans. The Ford truck was owned by Pooler Building Materials Company of Lafayette, Louisiana, and the Great American Indemnity Company, impleaded as defendant herein, is the liability insurer of the said truck, the policy contract naming the owner of the truck as the insured. Plaintiff alleges that at the time of the accident the truck was being driven by Woodley Francis, an employee of the Pooler Building Materials Company, and that he was operating the truck with the initial permission of his employer.
The defense to the suit is that the truck was being operated by Francis without permission of any kind or character either from Pooler Building Materials Company or from any employee of said concern who had authority to give such permission.
Plaintiff recovered a judgment as prayed for in the trial court, from which judgment defendant has prosecuted this appeal.
The facts of the case are not disputed. On the day of the accident, the truck to which was coupled a trailer was driven from Lafayette into New Orleans by Anthony Celestin, the regularly employed truck driver of Pooler Building Materials Company. Celestin was accompanied on the journey by Francis, his helper, who also is an employee of the owner of the truck. Upon reaching New Orleans the trailer portion of the vehicle was left at the Flintkote Company to be loaded overnight for return to Lafayette by means of the truck, and Celestin and Francis were instructed to stay in New Orleans until the return trip was to be made.
After the trailer had been disengaged at the Flintkote plant, Celestin, still accompanied by Francis, drove the truck to a residence on St. Anthony Street. The vehicle was allowed to stand in the street, and after the doors to the cab were locked, the two men proceeded into the house. Several hours later Francis stated to Celestin that he desired to go outside and sit in the truck and requested that Celestin let him have the key to the cab, which, incidentally, also locks and unlocks the ignition switch. Francis sat in the truck for a while and then turned on the ignition system and attempted to drive around the *81 block, during which maneuver the truck crashed into the plaintiff's automobile.
Celestin's uncontradicted testimony is that the instructions of his employer were that he was to permit no one else to operate the truck and as he characteristically put it, "I'm the onliest one to drive the truck."
Plaintiff bases his cause of action against the insurer on the ground that as Celestin had the initial permission to operate the truck, appellant is liable under the familiar "omnibus clause" of the policy, the pertinent part of which reads:
"The unqualified word `insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, * * *."
The defendant, on the other hand, contends that as Francis was not given any permission to use the truck by Pooler Building Materials Company and that as Celestin had not the right or authority to grant such permission, Francis was not an omnibus insured within the provisions of the contract of insurance.
Assuming for the purpose of discussion, but without making any decision on the point, that Celestin's turning the key over to Francis under the circumstances was the equivalent of Celestin's consent to Francis operating the truck, still there can be no liability imposed on the insurer for the damages which plaintiff sustained. Permission to one to drive a vehicle does not endow the permittee with the power of delegating permission to another person so as to have the legal effect of placing that other person in the category of an additional insured under the omnibus clause.
Several cases, viz., Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744, 746; Waits v. Indemnity Ins. Co. of North America, 215 La. 349, 40 So.2d 746; and Parks v. Hall, 189 La. 849, 181 So. 191, are cited by plaintiff, but none of these cases have any application to the issue under consideration. The question which concerned the Court in each of the cited cases was whether a vehicle was being operated with "the permission of the insured" as contemplated by the provisions of the omnibus clause in a contract of insurance where there had been initial permission given but the operator had deviated from specific instructions from the owner as to the use of the vehicle.
Counsel for plaintiff makes the argument that the effect of our jurisprudence is now that the purpose of the omnibus clause is to protect all persons damaged by the vehicle by giving a cause of action against the insurer. In support of this contention counsel quotes certain language from Dominguez v. American Casualty Co., supra, as follows:
"* * * The leading case in the `Initial Permission' states is the case of Dickinson v. Maryland Casualty Co., 101 Conn. 369, 125 A. 866, 41 A.L.R. 500, followed by Stovall v. New York Indemnity Co., 157 Tenn. 301, 8 S.W. 2d 473, 72 A.L.R. 1368.
"In the Dickinson case the court went so far as to say that the purpose of the Omnibus Clause was not only to protect a person legally operating the car with the permission of the insured, but also to protect any person injured by the operation of the car by giving him a cause of action against the insurer for injuries deemed by the law to have been caused by the operation of the car. * * *" (Italics ours.)
The italicized portion of the quotation does not mean that under any and all circumstances the person injured would have a cause of action under the omnibus clause against the insurer for the injuries caused as a result of the negligent operation of the vehicle. The specific facts in the Dominguez case were that after using the employer's truck in the employer's business *82 during the day, the employee would drive the truck to his home and park it until the following morning. On the evening of the accident the employee drove the vehicle for a distance of some three miles to go to the assistance of a fellow employee who had driven his car into a ditch, and when the employee was returning to his home the accident happened. The Court concluded that the employee, having received initial permission, was operating the truck with the permission of his employer, the insured, within the contemplation of the omnibus clause.
In Longwell v. Massachusetts Bonding & Ins. Co., La.App. First Circuit, 63 So.2d 440, the facts were almost identical with those of the instant case. There the owner of a truck in Cameron entrusted it to his employee with instructions to make a delivery in New Orleans which was accomplished. During the course of the return trip, the employee deviated from his route to meet a lady friend to whom he entrusted the operation of the truck, and while she was driving it, with the employee seated beside her, she negligently ran into and caused damage to plaintiff's property. The liability insurer of the truck was sought to be held liable under the provisions of the omnibus clause. After reviewing a number of authorities, it was held by a divided court that one to whom the insured had given permission to use the automobile had no authority to delegate such permission to another so as to make the latter an additional insured under the omnibus clause. Certiorari was denied by the Supreme Court with the comment, "We find no error of law in the judgment of the Court of Appeal."
The only distinction between the Longwell case and the case under consideration is that in the former the employee entrusted the operation of the vehicle to one who was not a fellow employee while Celestin turned the ignition key over to his helper, Francis. We do not see how this difference in the facts as between the two cases can possibly affect the ultimate result. Francis, although he was an employee of the insured, had no more right or authority to operate the vehicle than had the friend of the employee in the Longwell case. Nor did Celestin have any greater power to delegate his permission to operate the truck than did the other driver.
This is not one of those cases in which a driver who loaned a vehicle to another person had more or less general discretion and continuous control over the vehicle and could validly grant permission to a third party to operate the vehicle. The record makes it crystal clear that Celestin did not have any such general discretion and continuous control but only discretion and control for the specific purpose of making the trip to New Orleans and returning to Lafayette with the loaded trailer. Consequently, Francis, who did not operate the truck with the permission of the named insured, cannot be held to be an additional insured under the omnibus clause and defendant is not liable for the damages sustained by plaintiff.
Counsel for plaintiff cites Boudreaux v. Cagle Motors, 70 So.2d 741, also decided by the Court of Appeal, First Circuit, but that case, while interesting, can readily be distinguished from the instant case from a factual standpoint. In the Boudreaux case a motor company, the insured, loaned an automobile to a customer for use while his car was being repaired. On an occasion when the son of the customer was driving the borrowed car, it was involved in an accident and the injured person sought to recover from the insurer under the provisions of the omnibus clause. The insurer was held liable for plaintiff's damages. The court distinguished the case from the Longwell case in that in the latter the original permittee was expressly prohibited from permitting anyone else to drive the vehicle. A further distinction was that in the Boudreaux case the court found that the second permittee was about the business of the original permittee as the borrowed vehicle was a substitute for the family car.
For the reasons assigned, the judgment of the lower court is annulled, avoided and reversed, and it is now ordered that there *83 be judgment in favor of defendant dismissing plaintiff's suit with costs of both courts.
Reversed.