**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**Clophia QUEBEDEAUX et al.,
Appellees.**

**No. 15912.**

United States Court of Appeals
Fifth Circuit.

May 25, 1956.

Rehearing Denied July 3, 1956.

**242**

Breard Snellings and Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

Harry B. Garland, Howard B. DeJean, Jr., Opelousas, La., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

■ Under Louisiana policy once permission to use an automobile is established, such permission, whether expressed or implied, see Talbot v. All-state Insurance Co., La.App., 76 So.2d 76, is accorded a wide and liberal construction in determining whether the particular use is within the Omnibus Clause of the liability insurance contract. Parks v. Hall, 189 La. 849, 181 So. 191; Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744, 748, 751.

■ But the District Court here, in sustaining a jury verdict, apparently impressed in part by the compulsory Safety Responsibility Law, La.Stat.Ann.—Rev. Stat. 32:851 et seq., and the nature of the interest of a damage-claimant-plaintiff under the insurance policy [1] which Louisiana treats as being to some extent made for his benefit, Davies v. Consolidated Underwriters, 199 La. 459, 6 So.2d 351; West v. Monroe Bakery, 217 La. 189, 46 So.2d 122, extended that view to apply a like liberal rule in determining whether permission has in fact been granted.

■ This is an entirely different matter, and since the fact of use with permission must be established to make the policy coverage effective, it must be proved as any other fact by substantial evidence. No presumption burdens or aids either party, nor is there any Louisiana policy, either in existence or binding on a Federal Court, that the Court is to be more, or less, liberal or unliberal in weighing testimony for its legal adequacy on this point.

■ There was not even a faint showing of express permission given by the vehicle owner to the driver, her grandson. Indeed, the giving or receiving of express permission was denied [2] by owner and driver alike—a matter not decisive here since contradictions, retractions and inconsistent statements made their credibility a jury issue. But while the jury was not required to accept the

---

1. Louisiana Direct Action Statute, LSA-R.S. 22:655; Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S. Ct. 151, 99 L.Ed. 59; Watson v. Employers Liability Assurance Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74.

2. The Appellees' brief describes the autobile owner as, "an elderly Negro woman" who, the record shows, was approximately 72 years of age and had to testify through an interpreter. She did not drive her automobile herself, although it is plain that this was one of her prized possessions.

Her grandson was visiting her and his father who lived nearby. When he took the keys from the sugar bowl, he did not ask his grandmother's permission since she was asleep although, he stated, he doubted that she would have given her consent. Her view, reflecting, many would think, profound wisdom, was emphatic: "Q. You wouldn't have loaned it to him if he asked you for it? A. Oh, no. A car is not made to be loaned to children."

evidence of denial, that did not supply the needed affirmative proof either of express permission or circumstances from which the owner's consent to the use could be inferred.

In the final analysis all that was proved was that the owner's grandson had, the first time two days before the accident and again on the morning of the accident, driven the car while taking his grandmother to the store to shop. On each occasion the owner was in the car and its use was to further her own mission. A prior occasion a year or so before turned out to be nothing more than backing the car out of the garage on the grandmother's premises. The event of driving another car belonging to his grandmother ten years or so before proved nothing save the event itself.

This amounted only to establishing that the grandmother had given her consent and permission to her grandson to drive the car for her while she was a passenger and engaged on some mission of her own. Neither the relationship between the parties, the short visit the grandson was paying preparatory to departure for military service, nor the grandmother's failure to pursue the boy (if she could) when she learned that after he had taken the keys from the sugar bowl where she always kept them, he had driven the automobile away on an adventure which, four hours and too much strong drink later, ended in the injuries to appellees and the boy's somewhat extended incarceration, added up to prove, or even raise the inference, that the grandmother had, by her course of conduct, given the boy consent to drive or use the automobile on a personal trip.

The verdict and judgment finding an implied permission was without any legal support. It cannot stand, and it is our duty to set it aside and here render judgment in favor of Continental Casualty Company. Marsh v. Illinois Central Railroad Co., 5 Cir., 175 F.2d 498, 500; Whiteman v. Pitrie, 5 Cir., 220 F.2d 914, 921.

Reversed and rendered.