99 So.2d 147 (1957)
Irene LAMPKIN, Plaintiff-Appellee,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, and Canal Insurance Company, Defendants-Appellants.
No. 8749.
Court of Appeal of Louisiana, Second Circuit.
November 26, 1957.
Rehearing Denied December 19, 1957.
Writ of Certiorari Denied February 10, 1958.
*148 Hayes, Harkey & Smith, Theus, Grisham, Davis & Leigh, Monroe, for appellant.
Fred W. Jones, Jr., Ruston, for appellee.
HARDY, Judge.
Plaintiff instituted this suit for the recovery of damages for personal injuries, loss of wages and medical expenses resulting from an automobile collision which occurred in the early afternoon of November 15, 1956, at the intersection of Louisiana and South Vienna Streets in the Town of Ruston. Plaintiff was a paying passenger in a taxi cab owned and operated by one Eddie Ford. The other car involved in the accident was owned and operated by Mrs. Van Dalsem, a resident of El Indio, Texas. Named as defendants are United States Fidelity & Guaranty Company and Canal Insurance Company as the respective insurers of Van Dalsem and Ford.
After trial on the merits judgment was rendered in favor of plaintiff and against the defendants, in solido, in the full sum of $3,327.92, subject to allowance of a credit against the defendant, United States Fidelity & Guaranty Company, in the sum of $338.63. From this judgment both defendants have appealed.
*149 The collision occurred at the time and place above noted during a hard rain. South Vienna Street, in the Town of Ruston, is a heavily traveled thoroughfare, being part of U. S. Highway 80, asphalt surfaced, 28 feet in width, running generally north and south, and Mrs. Van Dalsem was driving south on said thoroughfare. Louisiana Street, which runs in a general east-west direction, is 24 feet in width. The intersection is controlled by a traffic light, but, by ordinance, South Vienna Street is designated as a right-of-way thoroughfare, therefore, having a preferred status over Louisiana Street when the traffic signal is not in operation. The Ford taxi cab was moving west on Louisiana Street and entered the intersection on a green signal light. However, it was established that the red light facing in the direction from which Mrs. Van Dalsem was approaching was not in operation at the time of the accident, and, for this reason, Mrs. Van Dalsem was not warned of the necessity of stopping before entering the intersection.
The testimony of Eddie Ford, driver of the taxi cab in which plaintiff was a passenger riding on the back seat, is clear as to the fact that he perceived the Van Dalsem car approaching the intersection at a speed which he estimated to be about 35 miles per hour; that since he had the green signal light for traffic moving on Louisiana Street he assumed the driver of the car would bring it to a stop before entering the intersection, and, upon the basis of this assumption, he did not keep the approaching car under observation but accelerated his own vehicle, which, at the time of entering the intersection, was moving at approximately 20 miles per hour, according to his testimony. The Van Dalsem car struck the taxi cab broadside in the northwest quadrant of the intersection.
Mrs. Van Dalsem did not appear as a witness on the trial of the case, but a written statement, which she had given to an adjuster of the U. S. Fidelity & Guaranty Company the day following the accident, was admitted in evidence. According to the recitals of this statement, as Mrs. Van Dalsem approached the intersection she saw the traffic light, which, so far as she could observe, was not in operation. When her car was about two car lengths from the intersection she saw the taxi cab approaching from her left at about the same distance from the intersection, whereupon she immediately applied her brakes, but, due to the rain-slick surface, her car skidded into the side of the taxi cab, the driver of which, according to her statement, apparently failed to see her and gave no indication of applying his brakes.
Strangely enough, there is no testimony in the record with reference to any skid-marks, nor is there any testimony with reference to the physical circumstances surrounding the accident save as to the point of the collision and the nature of the impact. The only eye-witness testimony, aside from that of Ford and Mrs. Van Dalsem, was given by Jessie Goldsmith, who was riding on the front seat of the taxi cab and who testified that at the time of the collision she was looking at and talking to the driver, who was looking straight ahead, and that she did not see the Van Dalsem car until just about the time of impact.
We are in agreement with the conclusion of the district judge, as expressed in his written opinion, that Ford, the driver of the taxi cab, was guilty of negligence after seeing the approach of the Van Dalsem car and failing to keep it under observation. While it is true that a driver entering an intersection on a green light is justified in assuming that drivers intending to cross the intersection will bring their vehicles to a stop, this assumption does not constitute a complete and absolute release from the obligation of continued exercise of care and caution and is not to be construed as an "invitation to negligence." Wilson v. Yellow Cab Co. of Shreveport, La.App., 64 So.2d 463, 466.
*150 The omission of even a slight act of care or caution subjects a common carrier to liability toward a passenger. Blashfield's Cyclopedia Of Law and Practice, Permanent Ed., Vol. 4, Part 1, Section 2206.50 and Section 2207.10; Wilson v. Yellow Cab Co. of Shreveport, supra.
While, unquestionably, Ford, entering the intersection on a green light, would ordinarily be justified in relying upon the assumption that opposing traffic would stop before entering the intersection, this assumption should not prevail under the facts of the instant case, for, according to Ford's own testimony, he observed the Van Dalsem car when it was only about 25 or 30 feet from the light, moving at a speed he estimated to be 35 miles per hour and giving no evidence of slowing its speed, despite which he made no further observation of the approaching vehicle but looked straight ahead and "went back in on my accelerator." In our opinion, this lack of care on the part of Ford would constitute negligence in any case, much more so considering the high degree of care required of a common carrier with respect to its passengers.
Counsel for defendant, Canal Insurance Company, insurer of the taxi cab, earnestly contend that the driver was justified in relying upon the assumption that the approaching Van Dalsem car would be brought to a stop, and cite as authority the recent cases decided by our brethren of the Orleans Court; Bartholomaus v. H. G. Hill Stores, Inc., La.App., 97 So.2d 82, and Fugetta v. Loubat, La.App., 97 So.2d 96.
As has been many times pointed out, particularly in connection with automobile collision cases, a rule of law is authority only when considered with relation to and conformed with the established facts of a particular case. The facts found by the Orleans Court in both the cited cases are readily distinguishable from those in the instant case and to such a degree that we deem it unnecessary to point out such obvious distinctions. Similarly, in Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 294, which involved some facts similar to those in the instant case, particularly in that the red light of a traffic signal was not in operation, the Supreme Court found and stated as a fact that the driver who entered the intersection on the green light
"looked first to the left and then to the right, and observing that there was no traffic moving in either of the two roadways on Carrollton Avenue, he proceeded over the crossing." (Emphasis supplied.)
In the instant case Ford observed the approach of the Van Dalsem car, which, according to his testimony, gave no indication of stopping, notwithstanding which he proceeded into the intersection.
Proceeding to a consideration of the question of the negligence of Mrs. Van Dalsem, we find ourselves in disagreement with the conclusion reached by our brother of the district court. With reference to this question the district judge declared:
"Mrs. Van Dalsem was traveling on a street which had the right-of-way over other intersecting streets when the traffic light was not in operation. However, had she maintained a proper lookout she probably would have seen the traffic light far enough in advance of her reaching it to know that the green was operating on her street but not the red. Certainly, under such weather conditions, she should have been more careful in maintaining a lookout, and she could have seen and should have seen the taxi cab before she entered the intersection and in time to avoid the collision. The absence of a traffic light, or the fact that she was traveling on a right of way street did not relieve her of the legal duty to watch out for traffic using the intersection. This she did not properly *151 do, and she was, therefore, guilty of actionable negligence." (Emphasis supplied.)
The pertinent recitals of Mrs. Van Dalsem's written statement, which was admitted in evidence and which was not attacked nor controverted in any degree, are as follows:
"On Nov. 15, 56 at about 1:45 P.M. I was driving my 51 Pontiac 4dr. Sedan, and was driving west on U.S. Hy. # 80 in the city limits of Ruston, La. I was alone. It was raining hard at the time. I had my windshield wipers in operation.
"When I approached the intersection of Vienna St. I saw a traffic signal fixture suspended over the centre of the intersection but it was not in operation. There were no vehicles directly ahead of me.
"When my car was about two car lengths from my near curb-line of Vienna I saw another car approach the intersection on Vienna from my left and when I first saw this car it was also about two car lengths from the intersection. I judge both vehicles were traveling at about 20-25 miles per hour. I applied my brakes as soon as I saw the other car and due to the slippery pavement my car skidded. The other driver, who was operating a 55 Ford cab, and who was alone, apparently failed to see me and gave no indication of applying his brakes. His car came straight into the intersection."
While, as observed by the district judge, Mrs. Van Dalsem "probably" could have made observation of the traffic signal far enough in advance to determine that it was operating defectively, there is nothing in the record which establishes this as a fact, and, since it remains in the realm of probability, we do not think it furnishes a sufficient basis to justify a conclusion of negligence in this respect. It is evident that the district judge was in error in proceeding upon the theory that Mrs. Van Dalsem did not observe her "legal duty to watch out for traffic using the intersection." According to the above quoted statement made by Mrs. Van Dalsem, which stands uncontroverted, she not only watched out for traffic but observed the approach of the taxi cab and immediately made the effort, by application of her brakes, to avoid the collision. Under these factual circumstances we are persuaded that Mrs. Van Dalsem was not guilty of any act of negligence which was a proximate or contributing cause to the accident.
In view of the above conclusion, which has the effect of relieving United States Fidelity & Guaranty, as insurer of Mrs. Van Dalsem, of liability, we find it unnecessary to discuss the various pleas and exceptions which were interposed by the said named defendant. It is desirable to note that this defendant, United States Fidelity & Guaranty Company, had effected a compromise settlement with this plaintiff under the terms of which it had paid to plaintiff the total sum of $338.63. The record contains an application of plaintiff and an order of the court, under which plaintiff was authorized to deposit the sum of $338.63 in the registry of the court and to substitute for such cash deposit a bond for such amount. Under this order the bond was furnished, conditioned upon the event that defendant, United States Fidelity & Guaranty Company, should be absolved from any liability to plaintiff. Since this event will occur with the rendition of judgment responsive to this opinion, it follows that the said defendant will be entitled to the relief provided by the bond.
Before this court plaintiff has filed an answer to the appeal in which she prays for an increase in the amount of the award. On the other hand, it is contended by counsel for defendant that the award should be reduced.
*152 Plaintiff, a 37-year old colored woman, sustained a whiplash injury of the cervical spine, described by her medical expert as "moderately severe". Plaintiff was confined for some ten days, more or less, in the hospital; was treated by traction for a considerable period of time, and was required to wear a neck brace. The district judge reached the conclusion that plaintiff's disability would endure for a total period of approximately nine months, and, on the basis of this finding, he awarded the sum of $2,500 for pain and suffering; $487.50 for loss of wages, it having been established that plaintiff was gainfully employed at a weekly wage of $12.50, and $340.42 for medical and hospital expenses. We find nothing in the record which would indicate error in this award, either as being inadequate or excessive.
For the reasons assigned the judgment appealed from is amended and recast to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Irene Lampkin, and against the defendant, Canal Insurance Company, in the full sum of Three Thousand Three Hundred Twenty-seven and 92/100 ($3,327.92), with interest thereon at the legal rate from date of judicial demand until paid, together with all costs of this suit;
It is further ordered, adjudged and decreed that there be judgment in favor of defendant, United States Fidelity & Guaranty Company, rejecting plaintiff's demands as against said defendant, and further judgment recognizing the right of the said defendant to the return, by plaintiff, of the sum of $338.63;
It is further ordered, adjudged and decreed that the expert witness fee of Dr. Alfons B. Altenberg be and it is hereby fixed in the sum of $50 and taxed as costs.