Carlos GONZALEZ, Appellant,

v.

**NATIONAL SURETY CORPORATION**
et al., Appellees.

No. 17597.

United States Court of Appeals
Fifth Circuit.
May 13, 1959.

for such money or property, as the case may be."

**668**

Dudley Yoedicke, New Orleans, La., Max M. Schaumburger, New Orleans, La., for plaintiff-appellant.

Gerard M. Dillon, New Orleans, La., Curtis, Foster & Dillon, John C. Foster, New Orleans, La., for defendants-appellees National Surety Corp., and Tri-State Const. Co., Inc.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

Brought by plaintiff Gonzalez against Tri-State Construction Co. and its public liability insurer, National Surety Corp., and against the United States Casualty Co., public liability insurer of Schwegmann Bros. Giant Super Markets, the suit was for damages for personal injuries sustained by plaintiff when, in Schwegmann Bros. parking lot, he was struck by a truck belonging to Steve Mistretta and driven by his wife, the said automobile having been leased by said Mistretta, as lessor, to Tri-State Construction Company, as lessee, during working hours.

Defendants answered, the case was tried to a jury, a verdict on special interrogatories was returned, and judgment was entered against plaintiff and in favor of defendant.

Appealing from the judgment in favor of defendants, National Surety Co. and Tri-State Construction Co., plaintiff is here insisting that the judgment was erroneously entered and may not stand.

Defendants, pointing to the carefully reasoned opinion of the district judge, which, because it is unpublished, is set out in the margin,[1] urge upon us that the

---

1. "Order Granting Motion of The Defendant Tri-State Construction Co. Inc. and National Surety Company and Denying Motion of Plaintiff To Set Aside The Verdict and Judgment."

"This matter came on for hearing on a former day on motion of defendants Tri-State Construction Company and National Surety Company to set aside the verdict and judgment for plaintiff entered thereon, and to enter judgment for these defendants. This matter was also heard on motion of plaintiff to set aside the verdict and the judgment entered thereon in behalf of the defendant United States Casualty Company. The Court, having heard the argument by counsel for all parties and having studied the briefs submitted in support thereof, now makes the following ruling.

"It Is Ordered that the motion of the defendants Tri-State Construction Co., Inc. and National Surety Co. be, and the same is hereby, granted and that the verdict and judgment against these defendants be vacated and set aside and that judgment be entered for them against the plaintiff.

"It Is Further Ordered that plaintiff's motion to set aside the verdict and judgment against him in behalf of United States Casualty Company be, and the same is hereby, denied.

*"Per Curiam"*

"Plaintiff, after leaving his car in a parking area in front of Schwegmann Bros. Giant Super Market and while walking through the parking area in the direction of the entrance of the market, was struck and severely injured by a truck driver by Mrs. Steve Mistretta. The accident occurred when the brakes on the Mistretta truck failed for lack of fluid. Mrs. Mistretta testified that the brakes had operated properly up to the time she had actually entered the parking area of Schwegmann's. The Mistretta truck was the community property of Mr. and Mrs. Steve Mistretta. It had been leased by Mr. Mistretta to the Tri-State Construction Company on a monthly basis for use by that company on a construction job with the understanding that Mistretta would take the truck home after working hours and return it each morning for the start of work.

"Plaintiff's suit against the United States Casualty Company, the insurer of Schwegmann, was predicated on the theory that Schwegmann failed to afford him, an invitee on the premises, a safe means of ingress to the supermarket.

judgment was right and must be affirmed.

A careful examination of the record, in the light of the opinion, convinces us

that this is so, and upon the considerations and for the reasons clearly set out therein, the judgment is affirmed.

The jury resolved that issue against the plaintiff on adequate evidence. Consequently, the jury's verdict and the judgment predicated thereon will not be disturbed.

"With reference to the other defendants, however, the matter stands quite differently. The first theory of liability advanced by plaintiff against Tri-State and its insurer was that Tri-State, as lessee, had agreed to maintain the brakes of the truck. The jury, in answer to a special interrogatory directed to this issue, found that, under the lease agreement, Tri-State was required to maintain the brakes of the truck in proper operating condition. It is this Court's opinion that there is not substantial evidence in the record to support the jury's answer to this interrogatory, Lavender v. Kurn, 327 U.S. 645 [66 S.Ct. 740, 90 L. Ed. 916]; American Fidelity & Casualty Co. v. Drexler, 5 Cir., 220 F.2d 930. The lease agreement was oral, and as far as the evidence shows, no mention was made at the time it was entered into, or at any other time, of responsibility on the part of Tri-State to maintain the truck or the brakes thereof. On the two occasions during the lease when the brakes of the truck were in need of repair, it was the owner, Mistretta who effected the repairs. Absent an agreement otherwise, the burden of maintaining the leased object in Louisiana is placed on the lessor. La.[LSA]C.C. Arts. 2678, 2693. Plaintiff's suggestion that La. [LSA]R.S. 32:284, when read with 32:-271 and 32:1(15), imposes on the lessee of an automobile the obligation properly to maintain its brakes will not bear analysis. The definition of 'Owner' of a vehicle in Louisiana [LSA]R.S. 32:1(15) is intended to cover persons who have acquired vehicles under a security device

in which the seller has retained legal title. It has no application to a simple lease arrangement unrelated to the purchase of a vehicle.

"The other theory of liability proposed by the plaintiff relates to the defendant insurer of Tri-State, National Surety Company, under the omnibus provision of the policy. Plaintiff contends that Mrs. Mistretta was an additional assured under that provision. It is true that Louisiana courts have gone far in extending coverage under the omnibus clause to cases involving initial permission (Dominguez v. Am. Cas. Co., 217 La. 487, 46 So.2d 744) to drive the insured vehicle as well as cases involving the permittee of the permittee. Brooks v. Delta Fire & Cas. Co., La.App., 82 So.2d 55; Perrodin v. Thibodeaux, La.App., 191 So. 148. Compare Longwell v. Massachusetts Bonding & Ins. Co., La.App., 63 So.2d 440, and Parker v. Great Am. Indemnity Co., La.App., 81 So.2d 79. But it is not necessary to reach these cases or the question as to whether Mrs. Mistretta was driving the truck with the consent of the named assured because here it is shown without contradiction that the truck in question is part of the community of acquets and gains existing between Mr. and Mrs. Mistretta, and was therefore half owned by Mrs. Mistretta, Bender v. Pfaff, 282 U.S. 127 [51 S.Ct. 64, 75 L.Ed. 252]; Henderson's Estate v. Com'r of Internal Revenue, 5 Cir., 155 F.2d 310 [164 A.L.R. 1030]; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169; Succession of Helis, 226 La. 133, 75 So.2d 221, 222; Succession of Wiener, 203 La. 649, 14 So.2d 475. Since under the hired car clause of the policy, the owner of the hired car is specifically excluded from coverage, there can be no liability under the policy for the negligence of Mrs. Mistretta."