PEERLESS INSURANCE COMPANY, Appellant,

v.

Joan SCHNAUDER and Patricia Schnauder, thru Joyce Schnauder Ernest, Their Next Friend, Appellees.

No. 18600.

United States Court of Appeals Fifth Circuit.

May 19, 1961.

William A. Porteous, Jr., New Orleans, La., Porteous & Johnson, New Orleans, La., for appellant.

Herman M. Schroeder, Richard A. Kuntz and Hattier, Schroeder & Kuntz, New Orleans, La., for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and MIZE, District Judge.

JONES, Circuit Judge.

Suit was brought under the Louisiana Direct Action Statute [1] by the appellees, Joan Schnauder and Patricia Schnauder, against the appellant, Peerless Insurance Company, the insurer of Charity Hospital in New Orleans, Louisiana, under a public liability policy. The appellees, who were plaintiffs below and who will be so designated here, claimed damages for the death of their mother as a result of a collision betwen a Jeep owned by Charity Hospital and driven by its employee, William Ganaway. Peerless made a motion for a directed verdict at the close of the plaintiffs' case and a like motion at the conclusion of the entire case. These motions were denied. A jury verdict was returned for the plaintiffs in the amount of $1,000.00 for Joan Schnauder and $9,000.00 for Patricia Schnauder. Peerless made and the court overruled a motion for a judgment notwithstanding the verdict. Judgment on the verdict was entered and this appeal is from that judgment.

William Ganaway was employed by Charity Hospital as a mechanic's helper. Among the motor vehicles owned and used by the Hospital was a Jeep. Among the duties sometimes performed by Ganaway was the changing of tires and other servicing of vehicles away from the garage, and when assigned to such tasks, he would be directed to use the Jeep. On the Sunday morning of December 21, 1958, Ganaway was, or was supposed to be, on duty at the Charity Hospital garage. On that morning, about nine o'clock, the Jeep, while being driven by Ganaway along Gravier Street, in New Orleans, collided at the intersection of

1. LSA–R.S. 22:655.

Gravier and South Roman Streets, with a 1955 Dodge car being driven by its owner, Manuel Powe. In the Jeep with Ganaway was Lillian Schnauder, mother of the plaintiffs. She was employed at Morrison's Cafeteria, on Gravier Street. Mrs. Schnauder received injuries in the collision from which she died three days later. Ganaway also died as the result of his injuries. The plaintiffs surmised that Ganaway saw Mrs. Schnauder and picked her up to give her a lift on her way to work. Peerless conjectured that Ganaway had taken the Jeep from the Hospital garage for the purpose of taking Mrs. Schnauder to her place of employment. The plaintiffs asserted that their mother's injury and death were the result of the negligence of Ganaway, the employee of the Hospital which was insured by Peerless. The defendant, Peerless, denied that Ganaway was negligent and asserted that Ganaway's use of the Jeep on the day of the collision was unauthorized and without the consent of the insured owner, and that Ganaway was not, at the time of the accident, acting in the scope and course of his employment. Both of these issues were resolved by the jury for the plaintiffs.

■ The liability of Peerless is dependent upon whether Ganaway was an "insured" under the omnibus clause of the policy which included any person while using the automobile, provided the actual use was with the permission of the named insured. The courts of Louisiana have gone far in extending coverage under the omnibus clauses of insurance policies. Gonzalez v. National Surety Corporation, 5 Cir., 1959, 266 F.2d 667. Under the liberal view which obtains in Louisiana, if there is initial permission for the use of the vehicle, the coverage of the insurance attaches even though the liability arises out of a subsequent use for an unauthorized or unintended purpose. Parks v. Hall, 189 La. 849, 181 So. 191; Waits v. Indemnity Insurance Co. of North America, 215 La. 349, 40 So.2d 746; Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744. But it does not follow that, under all circum-

stances, a person injured or the representatives of a person killed would have a cause of action under the omnibus clause against the insurer for injuries or death caused as a result of the negligent operation of the vehicle. Parker v. Great American Indemnity Co., La.App., 81 So.2d 79. So, if Ganaway had permission, express or implied, to take the Jeep from the garage of his employer on the morning of the fatal accident, that permission would be continued and extended while the vehicle was being used in excess of the authority given or in violation of the employer's rules. Hartford Accident & Indemnity Co. v. Collins, 5 Cir., 1938, 96 F.2d 83, certiorari denied 305 U.S. 627, 59 S.Ct. 89, 83 L.Ed. 401. There is not any evidence in the record before us showing that Ganaway had any permission to use the Jeep on that morning. The plaintiffs contend that where a car is driven by an employee of the owner, a presumption arises that the employee was acting in the scope of his employment at the time of the accident. For this proposition the plaintiffs refer us to Antoine v. Louisiana Highway Commission, La.App., 188 So. 443. While there may be such a presumption applicable in a case asserting liability against the owner of a motor vehicle, and Antoine was such a case, it is the rule that in a suit on the omnibus clause of an automobile liability policy the plaintiffs have the burden of producing evidence that the vehicle was being used with the permission of the insured owner. Abshire v. Audubon Insurance Co., La.App., 99 So.2d 395; Standard Accident Insurance Co. v. Rivet, 5 Cir., 1937, 89 F.2d 74; Continental Casualty Co. v. Quebedeaux, 5 Cir., 1956, 234 F.2d 241. There is, as is pointed out in the Rivet opinion, a difference between a master and servant case and one asserting an insurance liability.

■ There was evidence from which it might have been inferred that Ganaway had general authority to take the Jeep out for the purpose of servicing ambulances and other vehicles and for procuring repair parts. It is suggested

by the plaintiffs that Ganaway might have gone on such a mission prior to his inviting Mrs. Schnauder to become a passenger in the car, thus warranting the inference that the use at the time was permissive, or at least that there had been an initial permissive use which would subject the insurer to liability even though the use at the time was unauthorized or prohibited. The plaintiffs contend that Ganaway was driving toward the Hospital at the time of the accident and from this they say it may be inferred that he was then returning the Jeep and so was in the course of his employment. The difficulty with the plaintiffs' postulates is that they are based upon conjecture rather than proof. Such meagre evidence as there is would seem to negative any inference that Ganaway had taken out the Jeep for any purpose on behalf of his employer. The permission to use an automobile in the business of the owner does not authorize an employee to take it for use on a mission of his own. Sun Underwriters Insurance Co. v. Standard Accident Insurance Co., La.App., 47 So.2d 133; Wilson v. Farnsworth, La.App., 4 So.2d 247. Cf. Farnet v. DeCuers, La.App., 195 So. 797. No different rule would apply even though it might be inferred that Ganaway was, when the accident happened, in the process of returning the car to his employer. Wilson v. Farnsworth, supra.

The plaintiffs point to evidence showing that about a month before the accident with which we are here concerned, Ganaway had taken the Jeep for the purpose of getting coffee. This, say the plaintiffs, justifies an inference that there was a customary use from which permission might be implied, as in the case of Fulco v. City Ice Service, Inc., La.App., 59 So.2d 198. But a custom does not arise from a single incident. The evidence also shows that Ganaway was reprimanded for taking the Jeep without permission and threatened with discharge if he was caught doing it again.

We reach the conclusion that the plaintiffs cannot recover on the insurance policy because of the absence of evidence that Ganaway was using the Jeep in the course of his employment by the Hospital, or that he had been given any permission, express or implied, to use it on any mission of his own. Having reached this conclusion it becomes unnecessary that we consider the appellant's specifications of error relating to the refusal of the court to give requested charges and the refusal to direct a verdict because of the insufficiency of the evidence to show negligence on the part of Ganaway. Neither do we discuss the question as to whether there should have been a dismissal of the action as to Joan Schnauder on the ground that the jurisdictional amount was not shown. One of the remaining questions submitted might, we think, be commented on briefly. Three jurors were excused because of their acquaintance with counsel for the insurance company, and it is asserted that in so doing, the court erred. One was excused because he had known the attorney "many, many years." Another had known him "for some time" "just as a friend." The third knew him "personally" "quite a number of years" having "met him at different occasions," and at "social functions." We think the jurors were improperly excused. As this Court has said, "A juror is not per se disqualified because he is acquainted with or a friend of counsel in a case, whether advocating the cause of a private litigant or prosecuting in a criminal case." Roberson v. United States, 5 Cir., 1957, 249 F.2d 737, 740, certiorari denied 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715.

In the absence of evidence from which it was shown or might be inferred that the Jeep was being driven by Ganaway with express or implied authorization or permission of the insured there is no legal support for the judgment against the insurance company. Therefore the judgment must be reversed and be here rendered for the appellant. Continental Casualty Co. v. Quebedeaux, supra.

Reversed and rendered.