Joseph S. McDERMOTT,
Plaintiff-Appellee,

v.

CROWN ZELLERBACH CORPORATION
et al., Defendants,
Main Mutual Insurance Company of
Illinois, Defendant-Appellant.

No. 27865

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1969.

John F. Tooley, Jr., of Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant-appellant, Main Mutual Ins. Co. of Illinois.

Carl J. Schumacher, Jr., David L. Campbell, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for plaintiff-appellee, Joseph S. McDermott.

C. Gordon Johnson, Jr., New Orleans, La., for other interested parties.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Appellee McDermott was severely injured when a truck ran a red light and collided with a taxicab in which he was riding as a passenger. A jury verdict was returned for McDermott against Main Mutual, the insurer of the taxicab. From the judgment entered against it for its policy limits Main Mutual appeals. We affirm.[1]

Upon arrival at New Orleans Moisant International Airport from his home in

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

St. Louis, Missouri, McDermott entered a taxicab owned by Connie Hemphill, driven by his brother Carl Hemphill, and insured by Main Mutual. He was in the back seat of the taxicab for the trip to downtown New Orleans when Hemphill stopped for a red light in the right hand lane of Moisant Road where it intersects Airline Highway. There were no vehicles in front of him. A traffic sign prohibited a left turn from this lane.

In the left lane of Moisant Road a Mr. Milligan was also stopped for the light, waiting for it to turn green so that he could make a left turn onto Airline Highway. Mr. Milligan saw a large truck travelling on Airline Highway, approaching the signal light from his left. When it was about a half block from the traffic signal the light turned red for the truck and turned green for Moisant traffic, but the truck did not appear to slow down in order to come to a stop. Having moved his vehicle forward about ten feet, Mr. Milligan stopped because the truck was still approaching at the same speed. The truck ran the red light and struck the taxicab which had pulled onto Airline Highway, resulting in McDermott's injury.

On April 29, 1966, McDermott sued the truck driver, Carl Hemphill and others. By amended and supplemental complaint filed August 7, 1967, McDermott joined Main Mutual as insurer of the Hemphill automobile and the other defendants were ultimately dismissed. Main Mutual's first notice of the accident was when it received the suit papers.

Main Mutual complains of four errors: There was a failure of proof that the taxicab was being operated with the owner's consent, and without such proof there was no coverage. The insured and McDermott failed to give prompt notice and Main Mutal was prejudiced by the unexplained delay. The District Court gave an erroneous charge concerning the respective duties of motorists entering a traffic-controlled intersection. McDermott's claim was prescribed because it was not asserted against Main Mutual for over two years after the accident. We take up Main Mutual's specifications seriatim.

### Coverage.

█ While coverage under a policy of insurance must be proved like any other essential fact, Abshire v. Audubon Insurance Company, La.App.1957, 99 So. 2d 395; Continental Casualty Company v. Quebedeaux, 5 Cir. 1956, 234 F.2d 241; Standard Accident Insurance v. Rivet, 5 Cir. 1937, 89 F.2d 74, the courts of Louisiana have repeatedly construed the word "permission" in an omnibus clause in its broadest possible sense; and once permission, either express or implied, to use an automobile is established it is given a wide and liberal meaning in determining coverage. Thus, if initial permission to use a vehicle is shown to have been given, the coverage of the insurance attaches notwithstanding some subsequent use even for an unauthorized or unintended purpose. Peerless Insurance Co. v. Schnauder, 5 Cir. 1961, 290 F.2d 607; Gonzalez v. National Surety Corporation, 5 Cir. 1959, 266 F.2d 667; Continental Casualty Company v. Quebedeaux, *supra*; Gonzalez v. Beaumont Cement Sales Company, La.App.1961, 125 So.2d 785; Thomas v. Peerless Insurance Company, La.App.1960, 121 So.2d 593. And in Talbot v. Allstate Insurance Company, La. App.1954, 76 So.2d 76, a familial relationship of the named insured and the omnibus insured was taken into consideration in finding an implied permission to use a vehicle.

█ It is undisputed that on the day of the accident McDermott was injured while riding as a pasenger in a [taxi cab] owned by Connie Hemphill, operated by his brother Carl Hemphill, and insured by Main Mutual. In the application for insurance it was stated that the vehicle owned by Connie was to be used as a taxicab and that Carl, Connie's brother, was to use the taxicab ten percent of the time. Main Mutual had previously paid a claim that arose under the same policy when Carl was driving the same vehicle. Neither of the Hemphills

testified at trial because neither of them could be found.

We are convinced that under the circumstances of this case the District Court was correct in finding that Carl had Connie's implied if not express permission to drive his brother's taxicab on the day of the accident and that omnibus coverage was thus in effect.

### Lack of Notice.

Claiming that it was prejudiced in its defense of the case because it was not joined as a defendant until two years and three months after the accident, and more than a year after the suit was filed, Main Mutual contends that the suit should have been dismissed. The thrust of the argument is that with reasonable diligence McDermott could have known or found out that Main Mutual insured Connie Hemphill because the policy of insurance was a matter of public record. This being so and the Louisiana courts having impliedly recognized that the right of the injured party is not permanently fixed against the carrier, Main Mutual maintains that the unexplained delay in notifying or suing the insurer contributed to its prejudice. This oblique statement is simply not the law of Louisiana.

West v. Monroe Bakery Incorporated, 1950, 217 La. 189, 46 So.2d 122, exhaustively treated an injured third party's rights under the Direct Action Statute.[2] The court said:

> [The Direct Action Statute] does not impose on the injured party the duty to give the statutory notice of the accident which causes him injury. This duty under the policy and the statute which recognizes the policy contract is imposed on the assured only.

*Id.* at 124. The court further said:

> [The Direct Action Statute] gives the injured party an immediate right of direct action against the insurer of the party responsible for the injuries. *The*

*statute expresses the public policy of this State that an insurance policy against liability is not issued primarily for the protection of the insured but for the protection of the public.* (Emphasis by the court).

*Id.* at 129–130.

The court went on to say that an injured party cannot be deprived of his rights against the tort-feasor's liability insurer because of the tort-feasor's failure to notify his insurer of the accident in accordance with the policy provisions except when the injured party is guilty of fraud, collusion or bad faith in deliberately failing to notify the insurer with the intention of prejudicing its rights. *Id.* at 128. *See also* Jackson v. State Farm Mutual Automobile Insurance Company, 1946, 211 La. 19, 29 So.2d 177; Howard v. Early Chevrolet-Pontiac-Cadillac, Incorporated, La.App.1963, 150 So.2d 309.

Iterating the injured third party's insulation from the insured's defaults when asserting a direct action against the insurer, the Louisiana Supreme Court in considering the insured's breach of the cooperation clause said in Futch v. Fidelity & Casualty Company of New York, 1964, 246 La. 688, 166 So.2d 274:

> "The Court of Appeals held that, in view of this Court's decision in West v. Monroe Bakery, 217 La. 189, 46 So.2d 122, (1950) the insurer's obligation to the injured person under the direct action statute (R.S. 22:655) ' * * * becomes fixed as of the occasion of the accident and cannot be prejudiced by the action of the insured in the absence of evidence of fraud or conspiracy.' * * * This resolution is fully justified by the majority opinion in West v. Monroe Bakery, Inc."

*Id.* at 278.

▮ The record is bare of the slightest suggestion, much less of any evidence, that McDermott was guilty of fraud, collusion or bad faith as a result of which

---

2. Louisiana's Direct Action Statute, La. R.S. 22:655, under which the instant action was brought, provides in part that an injured person, or his survivors or heirs, at their option, have a right of direct action against the insurer alone or against both the insured and insurer jointly and *in solido*.

Main Mutual was prejudiced by being deprived of timely notice.

*The Jury Instructions.*

 Main Mutual urges error in the refusal of the trial court to give charges requested by the defendant to the effect that "where an opposing vehicle is a half block away from an admitted red light, it is not essential for a favored driver to look in either direction for violations by traffic facing the red light."

The District Court in its charge pointed out that the driver of a vehicle was entitled to rely upon a green light but nevertheless could not proceed from a stopped position into the intersection "in the face of an obvious danger or hazard which he saw or with the high degree of care required of him should have seen."

In the factual context of this case we are of the firm view that the District Court was correct in rejecting the requested charge because it too narrowly circumscribed the jury's consideration of relevant circumstances bearing upon the situation that faced the drivers immediately prior to the accident, *i. e.*, not only the distance of the truck from the intersection but also its speed, shape and size, the view of the taxicab driver in the direction from which the truck was approaching, the action taken by Mr. Milligan and the opportunity of the taxicab driver to avoid collision considering the fact that he was in a stopped position when the light turned green.

 Of course the negligence of the truck driver was not in issue. The important contested question was whether or not the taxicab driver, as a common carrier, in exercising the highest degree of care required of him, Bynum v. Wiggins, La.App.1958, 107 So.2d 476; Lampkin v. United States Fidelity & Guaranty Company, La.App.1957, 99 So.2d 147, saw or should have seen that the truck was going to run the red light. The driver of a vehicle cannot, in the face of imminent danger, rely upon the right of way accorded him by law, and the omission of even a slight act of care or caution, such as a failure to maintain a lookout, renders a cab company, its operator and insurer responsible for damages to a passenger. Kientz v. Charles Dennery, Inc., 1945, 209 La. 144, 24 So.2d 292; Bynum v. Wiggins, *supra*; Wilson v. Yellow Cab Co. of Shreveport, La.App. 1953, 64 So.2d 463. The charge given by the trial court was in accordance with the law of Louisiana and fairly met the issues of the case.

*Prescription of Claim Against Main Mutual.*

 Main Mutual's claim of prescription gives us little pause. In Louisiana the insurer and the insured are joint and solidary obligors, and suit against one interrupts prescription against the other.[3] Carver v. Liberty Mutual Insurance Company, 5 Cir. 1960, 277 F.2d 105; Andry v. Maryland Casualty Company, E. D.La.1965, 244 F.Supp. 143; Humphreys v. McComiskey, La.App.1964, 159 So.2d 380; Franks v. City of Alexandria, La. App.1961, 128 So.2d 310. The suit against Main Mutual was not prescribed because its insured, Carl Hemphill, a joint and solidary obligor, was sued within the prescription period.

Affirmed.

---

3. The Louisiana Direct Action Statute, LSA–R.S. 22:655, provides that the tortfeasor and his insurer shall be liable *in solido.* " * * * suit brought against one of the debtors *in solido* interrupts prescription with regard to all." LSA–Civ.Code, Article 2097.