ELLIS, Judge.
This is the case of Euclide Abshire, Lula Mae Albert, Cecile Laviolette, Aymar Albert, and Eugenia Hatfield against the Audubon Insurance Company and Security Insurance Company of New Flaven.
On April 8, 1956, at about 12:00 P.M. Euclide Abshire was driving his 1950 Buick automobile in an easterly direction on Louisiana Highway 94 with the other four plaintiffs as his guest passengers, and when he had reached a point approximately 2 miles east of the City of Lafayette an International truck being operated by one Collins Ryan and traveling in a westerly direction crossed the center line of the highway causing the collision which is the subject of this suit.
*396 The case was duly tried and judgment was rendered in favor of each plaintiff. Mr. Aymar Albert was awarded $1,000 for his personal injuries, clothing losses for himself and his wife, and in addition medical expenses for himself and his wife in the sum of $97.50, making a total judgment in his favor in the lower court of $1,097.50. Mrs. Cecile Laviolette, wife of Aymar Albert, was awarded the sum of $400 for her personal injuries and her claim for loss of wages for baby sitting was denied by the lower court for lack of evidence. These two plaintiffs have appealed on the question of quantum alone and are asking for a substantial increase in the awards.
The defendants have answered the appeal and first asked that the judgment be reversed and the case dismissed for the reason that plaintiffs have failed to prove any liability on the part of the defendant, Audubon Insurance Company, inasmuch as the record is barren of any proof showing that Collins Ryan, the driver of the truck insured by the Audubon Insurance Company and owned by Joseph Holmes, was using the vehicle with the permission and consent of the said Joseph Holmes. In the alternative the Audubon Insurance Company in its answer to the appeal asked that the judgments be reduced.
Plaintiffs alleged in Article 6 of their petition as follows:
“That at all times mentioned herein, the 1955 International truck was operated, used and maintained by Collins Ryan, who was operating, driving and using said vehicle with the knowledge and consent of the assured, Joseph Holmes, the owner of said truck.”
Also in Article XI, the following:
“That at the time and place and under the circumstances aforesaid, Collins Ryan was driving the 1955 International truck, Louisiana License Number 42-877, with the knowledge and consent of owner, Joseph Holmes, in a westerly direction on said Highway 94, in an intoxicated condition, in excess of fifty miles per hour.”
The District Judge in his written reasons stated:
“No defense was made as to the occurrence of the accident, or the fact that same resulted from the negligence of the driver of the International truck, Collins Ryan, and, the negligence of this party being apparent, the only remaining question for decision here is the quantum of damages to be allowed the respective claimants.”
A careful review of the testimony reveals that there is not one bit of evidence offered by the plaintiffs nor the defendants touching upon the facts alleged in the above quoted article, viz., that the International truck belonged to one Holmes and was being used with the permission and consent of its owner by the operator, Collins Ryan. The record further reveals that there is no doubt that Collins Ryan was probably intoxicated and further no doubt that he crossed the center line of the highway into the lane of travel occupied and belonging at that time to the plaintiffs and collided head-on with the latter’s Buick automobile.
We can readily understand, in view of the fact that defendants apparently offered no defense whatsoever, that cortnsel for plaintiffs was somewhat lulled into a belief that the only issue was one of quantum, however, the burden of proof was upon the plaintiffs in the case and the allegations above quoted being specifically denied by the defendants, it was the duty of the plaintiffs to prove the allegations therein made and without such proof the case is not complete, so that a judgment could be rendered in favor of the appellants.
Counsel for defendant-appellee, Audubon Insurance Company, cites the case of Richey v. Swink, La.App., 4 So.2d 749, 754, which was decided by our brethren of the Second Circuit and in which they stated:
“The burden rested upon plaintiff, not defendants, to make out his case *397 against the alleged insurer. He should have caused the original policy to be produced so that it could be offered in evidence or procured a copy thereof. In view of the allegations of the petition and the answer above quoted, defendants have not admitted liability under the policy, but on the contrary, clearly denies such. We are not authorized to infer that the policy covers the facts of this case and, this being true, we have no right to hold the insurer responsible to plaintiff to any extent. * * *”
In this same case we note that the court also said:
“ * * * Touching this issue the lower court in written reasons for judgment, said: ‘During the trial counsel for plaintiff and defendants had a discussion about the policy and about producing it and filing it in evidence, plaintiff contending that the defendants had admitted the existence of the policy in their answer, and defendants contending they had made no such admission. * * * ’ ”.
But although the plaintiffs have thus failed to prove their demand, taking a practical view of the matter it was apparently through an oversight, since had defendant a real defense as to that issue it is most unlikely that some would not have been urged. Recently, our Supreme Court in Taylor v. Dunn, La., 97 So.2d 415, 422, when likewise through apparent oversight no proof was made as to whether property was community or separate (although “from the record it appears very probable that this property is the separate property of these plaintiffs”, 97 So.2d 422), remanded the case for proof as to this point, rather than requiring dismissal of the proceedings as of non-suit, Richey v. Swink, La.App., 4 So.2d 749, thus necessitating an additional new trial producing the same evidence as to personal injuries, double court costs, etc., all because of the technical failure of an item of proof which was not actually at issue. See also Lavergne v. Indemnity Ins. Co., La.App., 84 So.2d 617.
For the above and foregoing reasons, the judgment of the District Court is annulled, these proceedings are remanded for the limited purpose of producing evidence as to whether the tortfeasor was driving the car insured by defendant with the consent of its insured so as to invoke the coverage of the policy, and for judgment thereafter to be rendered upon the merits, including upon the evidence found in the present record. Costs of this appeal to be paid by plaintiffs-appellants, all other costs to await final determination of these proceedings.