161 So.2d 438 (1964)
Mrs. Helen SCOGGINS, Widow of Dr. Howard Scoggins
v.
AGRICULTURAL INSURANCE COMPANY and Francis H. Aubry.
Gertrude A. ROBINSON
v.
Francis H. AUBRY, Booker T. Gibbs and Agricultural Insurance Company.
Nos. 1284, 1285.
Court of Appeal of Louisiana. Fourth Circuit.
March 2, 1964.
Paul V. Cassisa, Emile L. Turner, Jr., and Jorda Derbes, New Orleans, for plaintiffs-appellees.
Bienvenu & Culver, Timothy J. McNamara and Robert N. Ryan, New Orleans, for defendants-appellants.
Before SAMUEL, HALL and TURNER, JJ.
HALL, Judge.
These consolidated cases arise from a single automobile accident which occurred on the night of June 19, 1962 at approximately 9 o'clock in front of an ice cream parlor situated on North Broad Street near the corner of St. Philip Street in the City of New Orleans when a 1959 Chevrolet automobile owned by Booker Gibbs, operated at the time by Francis H. Aubry, and covered by a policy of automobile liability insurance issued to Booker Gibbs by the Agricultural Insurance Company, rammed into the rear of a parked 1953 Chrysler automobile owned by Mrs. Helen Scoggins, and occupied at the time by Mrs. Scoggins and her guest passenger, Mrs. Gertrude A. Robinson.
*439 As a result of the accident two suits were filed which were consolidated for trial below with separate judgments being rendered in each case. The appeals in the two cases, which bear our docket numbers 1284 and 1285, were consolidated for hearing in this Court.
Our No. 1284 is a suit by Mrs. Helen Scoggins for personal injuries and property damage to her Chrysler automobile. The defendants in this suit are Francis H. Aubry, driver of the Chevrolet which caused the damage, and Agricultural Insurance Company, the latter being made defendant on the theory that its public liability policy issued to Booker Gibbs covering the Chevrolet afforded coverage to Aubry by virtue of the omnibus clause contained in the policy, it being alleged that at the time of the accident Aubry was operating Gibbs' vehicle with his permission.
Our docket number 1285 is a suit by Gertrude A. Robinson, Mrs. Scoggins' guest passenger, for personal injuries sustained by her in the accident. The defendants in this suit are Francis H. Aubry, the Agricultural Insurance Company and Booker Gibbs. In this suit similar allegations were made with respect to coverage by Agricultural Insurance Company. Gibbs was joined as a defendant on the theory and allegation that Aubry was acting as Gibbs' agent at the time of the accident.
The answer filed by Agricultural Insurance Company to the Scoggins suit, number 1284, as well as the answer filed on its own behalf and on behalf of its named insured, Booker Gibbs in the Robinson suit, number 1285, took the form of a general denial, it being denied specifically that Francis H. Aubry had either the express or implied consent of Gibbs to use or operate the Chevrolet covered by Agricultural's policy issued to Gibbs, and alternatively, in both answers, it was alleged that Aubry was using the insured automobile in connection with and by virtue of the operation of his automobile business, Aubry's Body and Fender Shop, and that its policy expressly excluded coverage when the automobile is being "used in the automobile business."
Francis H. Aubry filed no answer in either suit and preliminary defaults were entered against him in both cases.
Following trial of the consolidated cases on the merits, judgment was rendered in favor of plaintiff, Scoggins, in number 1284 and against Francics H. Aubry, d/b/a Aubry's Body and Fender Shop and Agricultural Insurance Company in solido in the sum of $520.94 plus interest and costs. In number 1285 judgment was rendered in favor of plaintiff, Robinson, and against defendants, Aubry and Agricultural Insurance Company, in solido in the sum of $1,500.00 together with interest and costs. Plaintiff Robinson's suit against Gibbs was dismissed at her cost.
From these judgments against it, Agricultural Insurance Company appealed. No answers to the appeals were filed.
The issues on appeal are:
(1) Whether Francis H. Aubry was driving the Gibbs' vehicle at the time of the accident with the express or implied consent of Gibbs, so as to bring him within the coverage afforded by the omnibus clause of the liability policy issued to Gibbs by Agricultural Insurance Company, and if so,
(2) whether the "garage exclusion" clause of the policy is applicable to the facts of the case.
The testimony taken in the consolidated cases reveals that on June 18, 1962, the day before the accident, Booker Gibbs brought his 1959 Chevrolet automobile to Aubry's Body and Fender Shop, which was owned and operated by Francis H. Aubry, to have his left front fender repaired and his car painted. Since Aubry's foreman, Lloyd Lee, was his former brother-in-law Gibbs contacted Lee and obtained from Lee an estimate for the work. After the negotiations were completed Gibbs drove to work in the Chevrolet accompanied by Lee and then Lee drove the car back to Aubry's Body and Fender Shop to be repaired and painted in *440 accordance with the estimate. Gibbs had instructed Lee that he (Gibbs) would pick up the car himself at the body shop after the work was completed.
On the night of the accident Aubry's daughter and common law wife visited the shop and waited for him to get off work. Aubry closed the shop about 8 P.M. and he and his daughter and common law wife got in the Gibbs vehicle and started homeward on North Broad Street intending to stop on the way at an ice cream parlor near the corner of North Broad and St. Philip Streets, approximately five blocks from his place of business. As he was pulling into the curb, driving Gibbs' automobile, his foot slipped off the brake and the car crashed into the back of the 1953 Chrysler which was parked in front of the ice cream parlor. The Chrysler was damaged and its owner Mrs. Scoggins and her guest Mrs. Robinson who were sitting in the car were injured.
There is no question but that Aubry's negligence was the proximate and sole cause of the accident, and this is conceded by appellant.
Aubry testified that his reason for driving the Gibbs' car that night was because his foreman, Lee, had asked him to "road test" it to check on a "pulling" in the front end. However, the evidence is clear that there was nothing wrong with the front end of the automobile, that it needed no road testing, and that Gibbs had not authorized or contracted for any work on his car except the repair of a rusted fender, replacement of the left quarter panel top, and a paint job. It is also clear that Gibbs had not authorized Lee, Aubry, nor anyone else to "road test" his car and had not authorized anyone to drive his car on the public streets, with the exception of the one occasion when Gibbs drove the car to work and had Lee drive the automobile back to the body shop for the contracted repairs.
In a suit on the omnibus clause of an automobile liability policy plaintiffs have the burden of proving that the vehicle was being used with the express or implied permission of the insured owner. See Abshire v. Audubon Insurance Company et al., La.App., 99 So.2d 395. Plaintiffs have not sustained this burden.
When Lee returned the automobile to the body shop after having dropped Gibbs off at his place of employment his permission to drive the car came to an end. See Dominguez v. American Casualty Co. et al., 217 La. 487, 46 So.2d 744. It is true that had Lee, on his way back to Aubry's Body and Fender Shop, deviated and gone off on a mission of his own, there would be no question that initial permission had been given and hence Lee would have been an "additional insured" under the omnibus clause of Agricultural's policy. But once the automobile was brought by the permittee to the place directed by the named insured, the permission initially granted by Gibbs to Lee was extinguished.
This is the sole occasion that Lee ever had permission to drive the car on the street, and Aubry never saw Gibbs prior to the accident.
The evidence clearly shows that Gibbs did not authorize any mechanical repairs to his automobile when he intrusted it to Lee. There was no necessity for road testing. If Lee or Aubry intended to make any mechanical repairs to Gibbs' car they would have done so without permission or authorization. Hence it cannot be said that Gibbs gave his implied consent for the "road testing" of his vehicle. As a matter of fact we do not believe Aubry's testimony that he was driving the car in order to "road test" it, and appellees' counsel admitted in argument that neither did they believe it. No one called Lee to testify.
Plaintiffs are thus relegated to the only other feature of the case to wit the fact that plaintiff left the car at Aubry's Body and Fender Shop with the knowledge and understanding that in the progress of making the repairs and painting the car it would probably be necessary for the car to be shifted *441 about in the shop. Certainly Lee had implied permission to do this. But neither Lee nor anyone else had Gibbs' permission either express or implied to take the car out of the shop and to drive it on the public streets on a personal mission, and it cannot be said that such an action constituted a deviation from the implied permission granted to shift the car within the confines of the shop. Aubry's driving out onto the streets had no origin in, or connection with, any shifting of the car about the shop.
For the foregoing reasons the judgments appealed from in docket number 406-225 of the Civil District Court for the Parish of Orleans (our docket number 1284) and in docket number 406-774 of the Civil District Court for the Parish of Orleans (our docket number 1285) are reversed insofar, but only insofar, as the defendant, Agricultural Insurance Company, is concerned and the suits of the respective plaintiffs in such cases are dismissed as to, but only as to, the defendant, Agricultural Insurance Company, at their cost. Costs of the appeals in our docket numbers 1284 and 1285 to be borne by the respective appellees.
Reversed in part.