222 So.2d 302 (1969)
Delorise HOLDEN et al., Plaintiffs-Appellees,
v.
TRANSAMERICA INSURANCE COMPANY et al., Defendant-Appellant.
No. 7619.
Court of Appeal of Louisiana, First Circuit.
April 14, 1969.
Rehearing Denied May 26, 1969.
C. T. Williams, Jr., Loeb, Dillon & Livaudais, New Orleans, for defendant-appellant.
Frank S. Bruno, New Orleans, for plaintiffs-appellees.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
In this tort action plaintiffs seek to recover from Transamerica Insurance Company, allegedly the omnibus insurer of Wilfred Smith, damages sustained in a two-car collision on August 4, 1964, at the T intersection of a gravel road and Louisiana Highway 10 in Tangipahoa Parish, Louisiana. Also named defendant was Wilfred Smith. Mr. Smith made no appearance as a party, filed no answer or other responsive pleading, and a preliminary default judgment was entered and, in time duly confirmed through evidence introduced at the time this matter against defendant, Transamerica Insurance Company, was tried.
While no reasons for judgment are found in the record, we assume the trial court found that plaintiffs had proved by a preponderance of the evidence that defendant Wilfred Smith was using the Quibodeaux vehicle with the owner's permission and thus became an omnibus insured under the terms of the policy of public liability insurance issued by defendant, Transamerica, to John Quibodeaux. Only Transamerica has appealed. We find plaintiffs failed to prove liability on the part of appellant, and that the judgment insofar as it casts Transamerica must be reversed.
*303 Unquestionably, the accident in which plaintiffs were injured was caused solely and proximately by the negligence of Wilfred Smith in driving the Quibodeaux vehicle from the inferior gravel road into Louisiana Highway 10 in front of plaintiffs' vehicle in such close proximity as to make it unavoidable for the driver, Delorise Holden, to avoid striking the rear of the Quibodeaux vehicle.
Transamerica seeks to avoid liability for damages on the ground that the plaintiffs have failed to sustain the burden of proving that Wilfred Smith was using the vehicle of Quibodeaux with his permission.
The insurance policy issued by Transamerica to Quibodeaux contains the following omnibus clause, namely:
"Persons Insured: The following are insureds under Part I:
(a) With respect to the owned automobile,
* * * * * *
(2) any other person using such automobile, with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission. * * *."
The evidence establishes that John Quibodeaux, Wilfred Smith and two other persons named Sidney Trahan and Vernice Trahan, were employed by T. & H. Well Service on an oil rig located near Amite, Louisiana. All four of these persons had lodging at a rooming house in Amite, with Quibodeaux and the two Trahans occupying a single room and Wilfred Smith occupying another room. Quibodeaux, Smith and the two Trahans, after completing the three to eleven shift on August 3, 1964, had a late meal and a few beers together. About 2:00 a. m. on August 4, 1964, Quibodeaux and Vernice Trahan returned to their room and retired for sleep. It appears that Wilfred Smith and Sidney Trahan remained in town until about 5:00 a. m. when they returned to the room of Quibodeaux to seek permission to use Quibodeaux's automobile to go to the rig site to secure a workman to work Smith's next shift. It was shown that Vernice Trahan was not awakened by the discussion between Quibodeaux, Sidney Trahan and Smith over permission to use the vehicle. At any rate, he took no part in the discussion and denies all knowledge of any conversation involving the other parties.
The testimony of John Quibodeaux is to the effect that he did not give Wilfred Smith permission to use his automobile. He testified that he was asleep when Sidney Trahan and Wilfred Smith returned to his room. He stated that both Sidney Trahan and Smith asked to borrow his car and that he "told them no, to leave it, they better not use it." And, on cross examination he stated that he told them they could not borrow the car.
Sidney Trahan also testified that Quibodeaux told them not to take the keys to the car and that they could not use it. The only witness who testified that Quibodeaux gave him the car keys and gave him permission to use the automobile was Wilfred Smith.
Plaintiffs rely on McConnell v. Travelers Indemnity Company (1965) 248 La. 509, 180 So.2d 406, in which the Supreme Court said that pertinent to the case was "the well-established rule that initial permission from the named insured to use an automobile is sufficient to make the driver an insured under the omnibus clause. * * *." In this cited case, there was a deviation from the initially permitted use-purpose, and the court held this was immaterial. This cited case is not in point with the instant case.
Plaintiffs also cite Hurdle v. State Farm Mutual Insurance Company (La.App. 1961) 135 So.2d 63 and Talbot v. Allstate Insurance Company (La.App.1954) 76 So. 2d 76, however, we find these cases clearly distinguishable on the facts. They argue *304 that permission may be either express or implied from the circumstances. We have no criticism of this statement, however, in the absence of express permission, the implied consent or permission must be concluded from circumstances which admit of no equivocation. Plaintiffs argue that when Quibodeaux said "you had better not use the car," and that "no, you may not use the car" he was not denying Wilfred Smith the use of the vehicle. With such reasoning we cannot agree. There was no express permission granted, and we find no circumstance which admits of an implied permission.
In Scoggins v. Agricultural Insurance Company (La.App.1964) 161 So.2d 438, which involved the determination of whether the alleged omnibus insured had the permission of the named insured to use the vehicle insured by the defendant insurance company, the court said on page 440:
"[1] In a suit on the omnibus clause of an automobile liability policy plaintiffs have the burden of proving that the vehicle was being used with the express or implied permission of the insured owner. See Abshire v. Audubon Insurance Company et al., La. App., 99 So.2d 395. * * *."
Mr. Quibodeaux testified that at no time had he ever given his car keys to either of the other three men, and that Wilfred Smith had never, prior to this accident, driven his automobile at any time. Throughout his testimony, Quibodeaux repeatedly stated that, when he was awakened and asked for permission for Wilfred Smith to use his automobile, he told Smith that he could not use the automobile.
The plaintiffs herein had the burden of proving by a preponderance of the evidence that Wilfred Smith had the permission of the named insured, John Quibodeaux, to use his vehicle. We find the trial court committed manifest error in holding that a preponderance of the evidence established this burden. Our finding is that plaintiffs have not discharged this burden, and accordingly, the judgment appealed from must be reversed. Appellees are cast for all costs of this appeal.
Reversed.