BAILES, Judge.
In this tort action, plaintiffs, father and daughter, brought suit against Travelers Insurance Company, defendant, to recover damages sustained as the result of injuries received by the daughter, Katherine Ann Bagnell, in a one-car accident during the early morning hours of December 25, 1968. The father of Katherine Ann individually sues to recover medical expenses incurred in treatment of her as she was a minor at the time of the accident. Upon reaching majority, Katherine Ann Bagnell was substituted as a party plaintiff.
This action against defendant is based on the allegation that Travelers was the omnibus insurer of Patrick Turner, driver of the automobile owned by Penny Jo Poole and in which Katherine Ann was riding when injured. It is not disputed that travelers was the public liability insurer of Miss Penny Jo Poole.
The trial court awarded judgment against defendant, Travelers, and in favor of Edward J. Bagnell in the amount of $411.75, and in favor of Katherine Ann Bagnell in the amount of $4,588.25.
From this adverse judgment the defendant has suspensively appealed. For reasons to be discussed hereinafter, the judgment appealed from is reversed and plaintiffs’ suit is dismissed at their cost.
Miss Penny Jo Poole was the owner of a 1965 Ford Thunderbird sedan. It appears that shortly before Christmas, 1968, she was unable to get the car to operate. After reporting to work late one morning, she discussed her problem with her boss, Mr. W. P. Harper, Jr., who advised her that he could put her in touch with a repairman who could fix her car. This repairman to whom the boss referred her was Mr. Edward J. Bagnell, one of the plaintiffs herein. Arrangements were made for Miss Poole to meet and engage the services of Mr. Bagnell a few days later at the Christmas party given at Mr. Harper’s home. Miss Poole testified that this was the first time she had ever met Mr. Bagnell; that she gave Mr. Bagnell the car keys and told him where the car was located; and also she stated she did not know either Mr. Bagnell’s daughter, Katherine Ann, or Mr. Patrick Turner. When cross-examined by plaintiffs’ counsel relative to the granting of permission for Mr. Bagnell to use her automobile, she stated that the subject of permission to use the car was never discussed and that she turned the keys over to Bagnell for the purpose of having him fix her car.
Mr. Bagnell, who admitted that he did not know Miss Poole prior to meeting her for the first time at Mr. Harper’s Christmas party, testified that there were no restrictions or limitations placed on the use of the car at the time Miss Poole gave him the keys. He stated that Miss Poole told him she did not care what he did with the car- — just get it off the street. He admitted that after he got the car to his shop the next day he gave it to his daughter to use.
*257 Plaintiff, Miss Bagnell, testified that on the night of December 24, 1968, she drove the Poole Thunderbird automobile to a lounge in St. Bernard Parish where she had a perchance meeting with Patrick Turner. She further testified that after having a soft drink she and Mr. Turner left the lounge to visit another lounge in St. Bernard Parish, and that Turner was driving the Thunderbird. It was while returning to the first lounge that Turner drove the Thunderbird into a bridge abutment demolishing the vehicle and injuring Miss Bagnell.
During the trial, the defendant sought to prove that Miss Poole had not given permission to Mr. Bagnell, or anyone else, to use her automobile. Plaintiffs’ counsel objected on the ground that lack of permission for Mr. Bagnell, or anyone else using the vehicle by reason of his consent, was a special defense, and as the defendant had not pleaded lack of permission as a special defense to plaintiffs’ action defendant was barred from offering proof in support thereof. The trial judge admitted testimony subject to plaintiffs’ objection. However, in his written reasons for judgment, the trial judge stated:
“Defendants did not defend this suit on lack of permissive use. It would appear to the Court that this was the one defense that the insurance could and should have used. The petition advised them of facts in connection with the accident which put them on notice as to the theory of plaintiff use. The admissions also specifically advised them of the theory of their case. That theory was: Penny Jo Poole gave her car to Bagnell unrestricted and with no direction as to use or as Mr. Bagnell stated ‘no restrictions or limitations’ were placed. The Court holds that under Article 1005 of the Code of Civil Procedure ‘lack of permissive use’ is an affirmative defense and must be urged, and failure to urge same estopes the defendant from eliciting such information at the time of trial.
“Defendant cites in his brief that this ‘permissive use’ was a ‘side issue’ raised at the time of trial. The court, to the contrary believes otherwise. The cases relied on by defendant all make reference to ‘Permission’ or lack of permission where the defense was specially pleaded. Scoggins v. Agriculture [Agricultural] Insurance Company, 161 So.2d 438 [,La.App.] 4th Cir., 1966) [sic] Longroul v. Massachuetts Bonding & Insurance Co., 63 So.2d 302 (La.App.1969) [sic] Hoeden [sic], American Home Assurance Company v. Czarnele [Czarniecki] [sic] 255 La. 251, 230 So.2d 253 (1969) Coco v. State Farm Mutual Automobile Insurance Co., 136 So.2d 288 (La.App.1969) Cert. den.
“Code of Civil Procedure Article 1005 and cases therein state ‘An affirmative defense is one which, if valid, will have the effect of defeating plaintiff’s demand on its merits . . .’ (Soloman [Solomon] v. Hickman, 213 So.2d 96 [,La.App.] (1st Cir. 1968). And, ‘an affirmative defense not specially pleaded may not be proven over plaintiff’s timely objection where the answer of a defendant contains merely a general denial .’ Benny Mochitta d/b/a Hammond French Market v. Charles W. Lemark [,Lemak,] Jr., [sic] 165 So.2d 568 [,La.App.] (1st Cir. 1964).
“The Court further holds that the general plead [sic] of the policy of defendants and its contents does not meet the requirements of affirmative defenses as indicated by Article 1005.
“It appears to the Court that the defendant had available to it enough information so as to put it on notice that the issue in this case was going to be permissive use. The defendant had in its possession the policy in question and as by its own terms and conditions should have put it on notice that a special plead [sic] of ‘lack of permission’ was essential. This entire case, because of the factual circumstances revolves around the ques *258 tion of permission, and yet defendant did not raise that issue in its pleading until the day of trial which the Court believes comes too late after timely objection by plaintiff. Defendants further contend that it did raise the issue in its ‘PreTrial Note of Evidence’ filed on March 18, 1971 wherein, in Paragraph III states:
‘Defendants contend that the use of the vehicle at the time of the accident was not covered by the subject policy because the driver of the vehicle did not have the permission of the owner to drive the vehicle.’
“The Court holds that this pre-trial note of evidence is not a pleading under the Code of Civil Procedure, and therefore does not amount to an affirmative defense.
“Having found that the defendant failed to assert this special defense, the Court finds that they are liable for the damages to Plaintiff.
<< * * * ”
From the above quoted portion of the reasons for judgment by the trial judge, we can see that the trial judge agreed with the position taken by plaintiffs’ counsel in objecting to defendant producing testimony that Patrick Turner was operating the Thunderbird without the permission and consent of the insured, Miss Poole. Counsel for plaintiffs took the position, which was sustained by the trial court, that lack of permission was a defense which should have been specially pleaded by the defendant, and in the absence of pleading this special defense, the defendant was estopped to make proof of lack of permission.
In Article 7 of the plaintiffs’ petition, the following allegation was made:
On the date of the aforesaid accident, Patrick M. Turner, was operating the aforesaid vehicle with the knowledge, permission and consent of Penny Jo Poole, the owner of said vehicle.”
The defendant, in its answer, expressly denied this allegation of fact.
The answer to the question of which party litigant has the burden of proving policy coverage is not one of first impression in our jurisprudence.
In Richey v. Swink, La.App., 4 So.2d 749 (1941) the plaintiff alleged that at the time of the accident which gave rise to the action the truck which injured him was covered by a policy of liability insurance written by one of the defendants, Metropolitan Casualty Insurance Company and that the insurance company along with others, including the employer of the truck driver were liable for the negligence of the truck driver. Therein the defendant insurance company answered that the policy of insurance was the best evidence of the contents thereof and the provisions therein and otherwise denied the other allegations of plaintiff.
The Court said:
“[9-11] * * * whether the accident is within the policy’s coverage may be determined only from the contents of the policy. The burden rested upon plaintiff, not defendants, to make out his case against the alleged insurer.
The ruling in Richey v. Swink, supra was followed by the court in Abshire v. Audubon Insurance Company, La.App., 99 So.2d 395 (1957) a case in which permissive use by the driver of a vehicle was an issue.
The Fifth Circuit of the Federal Judiciary follows this same rule as shown in the case of Peerless Insurance Company v. Schnauder, 290 F.2d 607 (C.A.5th, 1961). The court stated on page 609 thereof :
“[1-3] The liability of Peerless is dependent upon whether Ganaway was an ‘insured’ under the omnibus clause of the policy which included any person while using the automobile, provided the actual use was with the permission of the named insured.
*259 “The courts of Louisiana have gone far in extending coverage under the omnibus clauses of insurance policies.
“[I]t is the rule that in a suit on the omnibus clause of an automobile liability policy the plaintiffs have the burden of producing evidence that the vehicle was being used with the permission of the insured owner. * * * ”
In Scoggins v. Agricultural Insurance Company, La.App., 161 So.2d 438 (1964) where the permission vel non of the named insured to the driver of the insured vehicle was an issue, this court held:
“[1] In a suit on the omnibus clause of an automobile liability policy plaintiffs have the burden of proving that the vehicle was being used with the express or implied permission of the insured owner. See Abshire v. Audubon Insurance Company et al., La.App., 99 So.2d 395. Plaintiffs have not sustained this burden.”
The Court of Appeal, First Circuit, in two recent cases had occasion to apply and follow this rule. See Holden v. Transamerica Insurance Company, La.App., 222 So.2d 302 (1969), and Devall v. State Farm Mutual Insurance Company, La.App., 249 So. 2d 282 (1971).
From the foregoing jurisprudence it appears well established that where an allegation is made in a plaintiff’s petition that the driver of another’s insured vehicle was driving the vehicle with the insured’s permission, and this fact is denied by the defendant, the defendant may properly offer proof that no such permission was given; and further it is also established by this jurisprudence that the plaintiff has the burden of proving that the driver had the permission of the insured in order for the omnibus clause quoted supra to be effective.
With equal force, it can be stated that in such circumstances, a special defense of lack of permission need not be pleaded for the defendant to prove lack of permission of the insured to operate such vehicle.
The omnibus provision of the policy issued by defendant to Penny Jo Poole reads as follows:
“PERSONS INSURED
“The following are insureds under Part I:
“(a) with respect to the owned automobile,
“(1) the named insured and any resident of the same household,
“(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
(( * * * ”
The burden is on the plaintiff to allege and prove that the driver of the host vehicle was an operator insured under the provisions of the insurance policy.
From our perusal of the testimony of Miss Poole and plaintiff, Mr. Bagnell, we find that Miss Poole delivered the keys to her car to Mr. Bagnell for the sole purpose of having him remedy the inoperative condition of her car. She had no reason to contemplate any other use of the automobile by the plaintiff, Mr. Bagnell, thus explaining the absence of any discussion about permissive use of her vehicle.
We find plaintiff has failed to prove that the driver, Patrick Turner, was driving the Thunderbird of Miss Poole with her permission, and thereby has failed to prove coverage under the omnibus clause of the policy of insurance.
*260 For these foregoing reasons, the judgment appealed from is reversed and set aside, and the demands of the plaintiffs are rejected at their cost.
Reversed.