289 So.2d 311 (1973)
AUDUBON INSURANCE CO.
v.
Gerald GUIDRY et al. 9607
The EMPLOYERS FIRE INSURANCE COMPANY
v.
The TRAVELERS INDEMNITY COMPANY. 9608
Nos. 9607, 9608.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
*312 Joseph L. Waitz and Michael J. Samanie, Houma, for appellant.
Charles J. LeBlanc, Thibodaux, for Employers Fire Ins. Co., and others.
Thomas Guzzetta, Thibodaux, for Audubon Ins. Co.
Wollen J. Falgout, Thibodaux, for defendant-appellee-appellant, Gerald Guidry.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
LOTTINGER, Judge.
For purposes of trial the present case was consolidated with another case entitled "The Employers Fire Insurance Co., et al v. the Travelers Indemnity Company, et al, No. 9608," on the Docket of this Court. Our written reasons will include our decisions as to both of these cases, however, a separate judgment will be rendered in the Suit No. 9608.
This case arises out of an automobile accident which occurred on or about November 6, 1970 in which an automobile owned by Joseph B. Dore and driven by one Anthony J. Guidry struck a home owned by James Fonseca which resulted in severe damage to both the home and the automobile driven by Guidry. Two separate suits were filed as a result of this collision which occurred in the village of Raceland, Parish of Lafourche, Louisiana. Audubon Insurance Company, hereafter referred to as Audubon, was the insurer of the automobile owned by Joseph B. Dore and filed a subrogation claim against Gerald Guidry, the father of young Anthony J. Guidry, as well as against his automobile liability insurer, The Travelers Indemnity Company, hereafter referred to as Travelers. The second suit was brought by Employers Fire Insurance Company, hereafter referred to as Employers, the insurer of the home damaged in the accident and by James Fonseca, the owner of the home. Counsel for the parties stipulated the damages to be in the sum of $2,248.88, which was expended by Audubon to cover loss of the Dore vehicle; $5,644.42, being the amount expended by Employers for the damages caused the Fonseca home; and the sum of $206.50 being the amount of damages incurred *313 by James Fonseca as a result of property loss to his home in question.
Following trial on the merits, the Lower Court found that the sole and approximate cause of the accident was the negligence of the minor child, Anthony J. Guidry, and, in addition, found that the Guidry boy was driving the Dore vehicle with the permission of the owner and consequently, cast the father of the minor and his insurance company, Travelers, in judgment in favor of Audubon for the sum of $2,248.88. Additionally, the Lower Court rendered judgment in favor of Employers and against Travelers and Gerald Guidry in the sum of $5,644.42 and in favor of James Fonseca and against Travelers and Gerald Guidry in the sum of $206.50. From this judgment the defendants have taken an appeal.
In this appeal the defendants claim that the Lower Court erred in holding that young Guidry was driving the Dore vehicle with the permission of the owner and, therefore, he was an omnibus insured under his father's automobile liability policy.
The evidence discloses that, on the evening in question, Mr. Dore, the owner of the automobile in question allowed his minor stepson, Kirby Rivere, to use the automobile in order that he may attend a dance for teenagers at the VFW Home in Raceland, Louisiana. During the course of the evening, young Kirby picked up two 15 year old friends, namely, Anthony J. Guidry and Paul J. Robichaux and they visited several lounges in the Raceland area where they consumed beer and wine. At approximately 11:00 P.M. on that night, they proceeded to the VFW Home where Kirby Rivere stopped his automobile, turned off the ignition and apparently placed the keys on the seat of the car. He then proceeded, without the car keys, to enter the VFW Home leaving his two companions sitting in the automobile. After young Rivere entered the VFW Home young Anthony and Paul proceeded to take the automobile on a joy ride with Anthony driving. A few minutes later an accident occurred in which the automobile was driven into the yard of James Fonseca striking his home and causing damages to both the automobile and the home.
Young Rivere could not testify definitely as to whether he gave Guidry permission to use his vehicle on that particular evening. He did testify however, that he could have given such permission to Guidry, however, he did not remember. In view of the long hours they had been riding around to bars and consuming beer and alcohol his lapse of memory is not uncommon. Young Guidry testified that he asked Kirby to use the car and that Kirby told him they could. It was stipulated by counsel for defendants that if the other occupant of the vehicle, Paul Robichaux, was called to the stand, his testimony would be basically the same as Guidry.
Although there was some conflict in the testimony as to whether the car keys were left in the ignition switch or placed on the seat beside Guidry and Robichaux it appears to this Court that if Rivere did not intend his friends to use the car that he would have put the keys in his pocket when he went into the dance. It is unconceivable that Rivere would have paid admission, gone into the dance and expected his friends to sit in the car and wait for him.
The evidence shows that young Rivere had general use of his familiy's automobile. He testified that he could use it more or less at will. He had previously permitted young Guidry, as well as another friend to drive the car. Anthony Guidry testified that he thought the car belonged to young Rivere.
In Pecoraro v. Galvin, La.App., 243 So. 2d 307, the 4th Circuit was faced with the situation where the driver of an automobile, Timothy Galvin, struck petitioner while petitioner was attempting to cross a street. Suit was filed against Michael Galvin, Jr. and Michael Galvin, Sr., owner of the vehicle and father of young Timothy *314 and Michael, Jr. The suit against Michael, Jr. was dismissed. Stonewall Insurance Company, the insurer of the vehicle, denied coverage, to Michael, Jr. and Michael, Sr.
In disposing of the issue, the Court said:
"The remaining question lies in whether the trial judge was correct in determining that Stonewall owed Michael Galvin, Sr., both coverage and a defense. Stonewall, in denying coverage, relies upon a "Students' Restrictive Endorsement" which, reduced to its simplest terms, excludes as a named insured, any student enrolled as such, other than Michael, Jr., and asserts further that Timothy was a student within the meaning of the policy at the time of the accident.
The problem with Stonewall's position lies in the fact that Timothy is not the insured in question. It was Michael, Sr., his father, who was forced to face the suit and who was ultimately cast in judgment. The Stonewall policy in question plainly includes as a named insured, any resident of the same household as Michael, Jr. Michael, Sr., was a resident of that household and the policy contains no exclusion concerning the vicarious liability of a parent for a minor son. Considering the public policy of the State of Louisiana concerning liability insurance and the family insurance policy in particular, we are constrained to hold that Michael J. Galvin, Sr., was entitled to both coverage and a defense. (See LSA-R.S. 22:655 and 21 La.L.Rev. 835.)"
The jurisprudence of this state is to the effect that in a suit on the omnibus clause of an automobile liability insurance policy, the petitioner has the burden of proving that the vehicle was being used either with the express or implied permission of the insured owner. Abshire v. Audubon Insurance Company et al., La.App., 99 So. 2d 395; Holden v. Trans America Insurance Company, La.App., 222 So.2d 302.
In the recent case of Devall v. State Farm Mutual Insurance Company, La.App., 249 So.2d 282, the petitioner filed suit for injuries sustained by his minor son in an automobile collision when he was a passenger in a Volkswagon driven by Kenneth Hulsey. The named insured of the vehicle was George Louis Joiner who also had the title of the car in his name, however, the car was generally operated and maintained by his son. Young Joiner took the car with him to school in Mississippi. Although his father and mother testified that he was strictly and expressly told by them on numerous occasions not to allow anyone else to drive the car, it appears that on the night of the accident and on at least one prior occasion he had granted permission to Hulsey to use the car to go with some other students to an eating establishment in return for which they would fill the tank with gasoline. Upon returning the accident occurred. The Court in that instance held that the petitioner failed to prove that Hulsey was using the automobile with either the expressed or the implied permission of it's owner.
The Court in that case stressed that on several occasions the parents had told young Joiner that no one else was to use the automobile. Such is not the case in the situation which is now before us. There is not one shread of evidence in the record to the effect that defendant Dore ever instructed his son not to permit someone else to drive the motor vehicle. The record is well to the effect that on several occasions Kirby had permitted younsters to drive the motor vehicle and that young Rivere used the automobile almost at his pleasure.
Travelers contend that the Lower Court erred in refusing to admit evidence as to statements made to the investigating officer at the scene of the accident. The investigating officer testified that the youths, Guidry and Robichaux, told him that they did not have permission to drive the vehicle. At trial, Guidry testified that *315 he did have such permission. Counsel for Travelers sought to introduce the testimony of the investigating officer as part of the res gestae. No showing was made by defendant, Travelers, as to the lapse of time between the accident and the alleged statements.
In Manuel v. American Employers Insurance Company, La.App., 212 So.2d 527, the Court said:
"Generally speaking, hearsay evidence is excluded as being unreliable, because it is based on statements made by persons who are not before the court, have not been sworn and are not available for cross-examination. "Res gestae" declarations are admitted as an exception to the hearsay rule on the theory that spontaneous and impulsive statements, made at substantially the same time as the occurrence, without time for deliberation and fabrication, are truthful. A basic requirement of the res gestae rule is that the declaration be spontaneous and impulsive and made at substantially the same time as the occurrence.
The record shows the statements in question were made by St. Amand to plaintiff and Soileau at the scene of the accident, but there is absolutely no showing that St. Amand made these statements spontaneously or impulsively, without the opportunity for deliberation, design and fabrication. Furthermore, there is no evidence to show the time which elapsed between the accident and the statements by St. Amand. Hence, plaintiff failed to lay the proper foundation for admission of the declarations as part of the res gestae."
Furthermore, the evidence reflects that when young Rivere arrived at the scene of the accident he walked up to Guidry, who was handcuffed, and offered him a cigarette. We do not believe Rivere would have acted in this fashion had he not given such permission.
At trial, Guidry testified that he had permission. It was stipulated that, had Robichaux been present, he would have testified substantially as did Guidry. So both parties were available and their testimony was entered into the record.
Although we are not favored with written reasons from the Lower Court we feel that the Lower Court was of the opinion that the permission and authority delegated by Mr. and Mrs. Dore to their son Kirby was so broad and so free of restrictions that Kirby treated the car as his own. Kirby in turn had authority to grant permission to others to drive the car. The minor having been fully authorized to use the car as his own, this permission carried with it the right to grant permission to others to drive and to use the car. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253.

JUDGMENT IN NUMBER 9607
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendants.
Affirmed.

JUDGMENT IN NUMBER 9608
This case was consolidated below for trial with Audubon Insurance Co. v. Gerald Guidry, et al, No. 9607 on the docket of this court.
For the reasons this day handed down in the case of Audubon Insurance Co. v. Gerald Guidry et al No. 9607, the judgment appealed from herein is affirmed at appellant's costs.
Judgment affirmed.