BOUTALL, Judge.
This is a suit for damages and personal injuries arising out of a collision between two automobiles at the intersection of St. Claude Avenue and Alvar Street in New Orleans. There is no dispute as to the facts of the accident, and it is simply sufficient to note that the vehicle owned by the defendant, Lidell Engram and driven by Larry Engram ran into the plaintiff’s vehicle due to the negligence of Larry Engram. A judgment was rendered against him in favor of both plaintiffs, and this matter is not before us on appeal. However the trial court judgment dismissed plaintiffs’ suit against Lidell Engram, State Farm Insurance Company and Western Auto Supply Company. The appeal is by plaintiffs from that portion of the judgment dismissing the above named defendants.
Lidell Engram is a brother of Larry Engram and is the owner of the vehicle driven by Larry. He had in effect a policy of automobile liability insurance from State Farm Mutual Auto Insurance Company. Plaintiffs bring these two defendants into the suit alleging that the vehicle was being driven with the consent, either expressed or implied, of Lidell Engram, and pleads their liability for Larry’s improper driving. The undisputed facts show that Larry and Lidell had spent the previous night partying in several lounges and night clubs. Early on the morning of the accident Li-dell picked up his brother Larry and proceeded to Western Auto Store #15 located a short distance over the Orleans Parish Line in St. Bernard Parish, in order to have his brakes checked and possibly repaired. They arrived at the store shortly after 9:00 o’clock and upon being informed that their car could not be examined at that time they left the vehicle in the parking lot, giving the manager the keys with instructions to inspect the car, and then walked away from the store a short distance to a variety store at which they purchased some sandwiches and a bottle of Strawberry Hill wine to drink while eating. On their return from the store to Western Auto, they were stopped by two St. Bernard policemen for questioning and a dispute arose between Lidell Engram and the policemen. As a result Lidell was placed under arrest and put in the squad car for transportation to jail. Larry, who took no part in this dispute, was not arrested. As the police took Lidell to jail, Larry walked back to the Western Auto Store, retrieved his brother’s automobile and attempted to return to New Orleans to get help to get Lidell released. However, after he had proceeded some distance into New Orleans, he had the collision mentioned above. As a result of these events, the plaintiffs also seek recovery from Western Auto Supply Company contending it is liable for releasing the vehicle to a person not the owner, and an obviously incompetent driver. We shall consider the question of liability of each defendant in turn.
LIABILITY OF LIDELL ENGRAM AND STATE FARM MUTUAL AUTO -INSURANCE COMPANY.
As noted above, the problem involved is a question of express or implied consent. If Lidell Engram expressly authorized his brother Larry to retrieve his *705 automobile from the Western Auto store and use it in an effort to secure help, then obviously Larry would be acting as an agent of Lidell, and Lidell would be responsible for his agent’s negligence. Even beyond this, the coverage of State Farm under its policy is simply based upon consent of the owner of the vehicle. There is conflicting evidence in the record. Both Larry and Lidell testify that Larry had no consent. The witnesses at Western Auto indicate that there was a possibility of implied consent. The witnesses who were present at the accident scene testified that Larry said that Lidell had given him consent. The problem thus presented is mainly one of credibility of the witnesses, and the trial judge, although he gave no reasons for judgment, obviously resolved this in favor of the defendants. We agree. The record discloses that Larry Engram had no driver’s license and did not know how to drive. Lidell had attempted to give him several lessons, but gave up because Larry made him too nervous. Lidell had never permitted Larry to use the car, nor had Larry ever requested use of the vehicle. Considering the circumstances of Li-dell’s arrest, and these facts, we can very easily conclude that Lidell would not risk his brother attempting to drive his vehicle in St. Bernard Parish. The major fact which leads us to conclude that no consent was granted, was that Lidell was released from jail in a short time, and having no knowledge of his brother’s collision, had the police drive him back to the Western Auto store in order that he might claim his automobile and go about his business. This certainly shows no express consent to drive the vehicle.
Additionally, we conclude that there was no implied consent. Although the evidence reflects that the St. Bernard police told Larry, when he inquired as to what should be done with his brother’s automobile, that he should get the automobile out of St. Bernard Parish, Lidell was not privy to this conversation. The mere fact that as the police car pulled off, Larry began walking back towards the Western Auto store, does not lead to a presumption on Lidell’s part that Larry was walking back to get the automobile and drive it away. Actually we think it more reasonable to conclude that he was simply walking back to the Western Auto store as a friendly place from which he could use the telephone or take other means of securing help. The existence of implied consent is dependent upon the facts and circumstances surrounding each case.
Hurdle v. State Farm Mutual Automobile Ins. Co., 135 So.2d 63 (La.App. 2nd Cir. 1961). In the absence of express permission, the implied consent or permission must be concluded from circumstances which admit of no equivocation. Holden v. Transamerica Insurance Co., 222 So.2d 302 (La.App. 1st Cir. 1969); Swanson v. Comeaux, 286 So.2d 117 (La.App. 4th Cir. 1973), affirmed 296 So.2d 267 (La.1974). In this case the circumstances do not preponderate in favor of implied consent. Accordingly we agree with the trial judge’s dismissal of these two defendants.
LIABILITY OF WESTERN AUTO SUPPLY COMPANY AND THE TRAVELERS INSURANCE COMPANY.
Plaintiffs also seek to recover from Western Auto Supply Company and its insurer on the grounds that Western Auto Employees permitted Larry Engram to drive his brother’s vehicle away from the store, knowing, or in a position that they should have known, that Larry was not a capable driver, and that he was under the influence of intoxicating beverages at that time. Plaintiffs urge that not only is Western Auto responsible for its imprudence under Louisiana Civil Code Article 2316, but by assisting an obviously intoxicated person to drive a vehicle, an unlawful act, Western Auto is also responsible under the provisions of Louisiana Civil Code Article 2324.
*706 For the purpose of considering this issue, we pretermit any discussion as to the general liability to which a person may be exposed as a consequence of the foreseeability of damages to plaintiffs. Instead we view this as simply a factual matter under the foregoing code provisions. The evidence produced by plaintiffs would tend to establish that at the time of the collision, Larry Engram was intoxicated. The evidence produced by the defendants tends to establish that at the time of the turning over of the automobile to Larry, he was not intoxicated. For there to be liability cast on Western Auto, the controlling time is when the vehicle was released and not the time of the accident.
An evaluation of the evidence points to the following facts. Although both brothers were exposed to approximately the same amount of intoxicants the night previously, the car was safely brought to the Western Auto store for the purpose of repairs. There is nothing in the record to suggest that anyone at Western Auto saw either brother drink any intoxicants prior to the release of the vehicle. The two store employees who spoke with Larry Engram when he returned to the store following his brother’s arrest testified that they had no suspicion that Larry was under the influence of intoxicants. The vehicle was driven from the premises in a slow and cautious manner and there were no indications that Larry was not able to drive. Both of the Engrams testified that Larry was not intoxicated. Additionally, based upon their evidence, it does not seem probable that the St. Bernard policemen would have told Larry to get the vehicle out of St. Bernard Parish had he been in an obviously intoxicated condition.
Based upon these, facts, we believe there is sufficient evidence to support a finding that Larry Engram was not noticeably intoxicated at the time he obtained the vehicle from the Western Auto store, and we find no error in the ruling of the trial judge. Absent manifest error, we affirm his judgment.
For the reasons assigned, the judgment appealed from is affirmed at the cost of appellants.

Affirmed.