MILLER, Judge.
Defendants Rock C. Baldwin, a guest passenger in an uninsured motor vehicle, and State Farm Mutual Automobile Insurance Company, insurer of a vehicle not involved in this accident and owned by Rock’s father, appeal the judgment awarding $42,000 to ■plaintiffs. Carrie Mae Hall and Willis C. Hall, for .the Wrongful- death of'. Henry Hall (their husband and father, respectively) which resulted from Rock’s host driver’s negligence. We reverse.
Greggory Ponds was the negligent driver of the vehicle in which Rock was riding. Greggory has not appealed the judgment which is now final as to him.
*377 On Friday, April 19, 1974, Greggory was driving his brother’s uninsured 1972 automobile on La. Highway 6 in Natchitoches Parish, traveling in an easterly direction and approaching the La. 486 intersection. Greggory attempted to make a left turn onto La. 486 when he collided with a 1967 automobile driven by Henry Hall which was approaching from the east on La. 6. Henry Hall was killed instantly; Greggory and Rock were seriously injured.
On appeal, the issue is limited to the liability of the guest passenger, Rock Baldwin, as well as that of the insurer of an automobile owned by Rock’s father, which automobile was not involved in the accident.
To understand the basis for the trial court’s decision, we will review the evidence of what transpired in the hours preceding the accident.
Greggory was employed as a construction worker; at the end of his work day he returned to the apartment complex where he and his brother lived. Greggory’s brother had loaned his uninsured automobile to Greggory that day. Greggory purchased two six-packs of beer at a convenience store on his way home from work; he stored the beer in an ice chest in the car and this beer remained in the car. He then searched for his friend Leo Barnhill who was in Rock’s apartment, and found them drinking beer; Greggory had seen Rock, a student, on only one previous occasion, and then at a friend’s apartment in the complex. Starting about 6:30 p. m., Greggory, Rock, Leo, and possibly another (the testimony is unclear) sat around the apartment for about an hour, chatting and drinking beer. During the conversation, Rock suggested to Greggory that they go fishing the next day; he suggested they go to his father’s home in Cous-hatta and pick up Rock’s boat. With this plan in mind, Greggory and Rock left the apartment at about 8:00 p. m. and drove toward Coushatta in Greggory’s brother’s uninsured vehicle, with Greggory behind the wheel.
Greggory testified that he had drunk two or three beers while at the apartment (Tr. 114), later admitting that he may have had as many as four beers, but could not remember for sure (Tr. 125). Rock gave Greggory directions on how to get to Cous-hatta, but exercised no control over the operation of the vehicle.
Greggory was the only witness who could remember the moment of the collision; he didn’t see the Hall vehicle coming west as Greggory was proceeding east; when Greg-gory started to make the left turn he only remembers that “the next thing I know, we were in the wreck.” Tr. 61.
At a deposition on December 11,1974 and later at trial, Rock explained that he was unconscious following the accident; he was hospitalized for eleven days; he suffered from amnesia and memory loss; he could only remember that he began drinking beer about 3:00 p. m. that afternoon and had consumed some beer before he saw Greggo-ry. He could not remember whether or not Greggory was under the influence of alcohol, so as to be incapable of driving an automobile with safety.
LIABILITY OF ROCK C. BALDWIN
The trial court reasoned that Rock, the guest passenger in the vehicle, was liable in damages for the wrongful death of Henry Hall on the basis of LSA-C.C. art. 2324, which provides:
He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
The decision is premised on the finding that Rock knew or should have known that Greggory was intoxicated; that he encouraged him to do an unlawful act, namely, to drive while intoxicated; and he is responsible for the damage that resulted from that act, namely, the death of Henry Hall.
The trial court, in written reasons, and counsel for plaintiffs, in brief and at oral argument, relied upon the case of Walker v. Champion, 288 So.2d 44 (La.1974), where liability was predicated on fault under LSA-C.C. art. 2324. We distinguish that *378 case on the facts. There, a mother and son sued for damages and medical expenses resulting from the son’s loss of an eye when struck in the face by a beer bottle thrown during horseplay. The court found one defendant liable, even though he had not personally thrown the offending missile, because he had started the fracas and it should have been apparent to him that such horseplay was likely to cause serious injury. The facts in the record before us do not support the same result.
The evidence does not support the trial court’s conclusion that if Greggory was drunk, that Rock knew or should have known he was under the influence. The evidence does not establish that the 19 year old Rock was in control of the 22 year old Greggory. No blood alcohol test was introduced although this record indicates a blood alcohol test of Greggory’s blood was ordered and made. The trial court’s written reasons (Tr. 184) stated “tests” showed Greggory was driving under the influence of an intoxicant, but there is no evidence to support that finding. On the contrary, there is evidence that the hospital records fail to show that such a blood test was made. Greggory testified repeatedly that his beer drinking did not affect his reactions. Although Greggory pled guilty to D.W.I., he testified he was not guilty of that offense. A more serious charge, negligent homicide, was pending against Greg-gory when, with benefit of counsel, he pled guilty to D.W.I. (Exhibit Record p. 12e). There was no expert testimony explaining the effect of three or four beers on a driver in the light of the variables established in this case. Because of amnesia, Rock could not remember the events leading to the accident or what effect Greggory’s drinking beer had on his condition.
In support of the trial court’s conclusion, we note that Greggory admitted drinking two to four beers from 6:30 until 8:00 p. m.; with advice of counsel he pled guilty to a charge of D.W.I. (which was admissible as to the claim against Ponds, but not as to the claim against Rock and State Farm) and not guilty to the charge of negligent homicide; there were unopened cans of beer scattered about the Ponds vehicle after the accident (which, incidentally, confirms Greggory’s testimony that he didn’t remove the beer he purchased from his car), and one opened can of beer on the Pond’s dashboard; the investigating officer detected an odor of alcohol on Greggory’s breath while he was being lifted into an ambulance.
At the time of the accident Greggory was 22 and Rock was 19; they had met on only one previous occasion; there is no evidence of intimidation or forceful persuasion by Rock; if anything, Rock was perhaps more under the influence of alcohol than Greggo-ry, since he admitted to beginning his drinking some 3V2 hours before Greggory arrived at the apartment. On the basis of the evidence in this record we cannot affirm the extension of coverage of LSA-C.C. art. 2324 to hold the guest passenger was responsible for Hall’s death.
Since it is unclear that Greggory was intoxicated when he took his position behind the wheel on the night of the accident, it becomes unreasonable to conclude that Rock knew or should have known, of Greg-gory’s intoxicated condition. In suggesting the trip to Coushatta to pick up his boat, Rock was simply encouraging Greggory to do a lawful act; it was therefore error for the trial court to hold Rock Baldwin liable under LSA-C.C. art. 2324. Barletta v. Engram, 317 So.2d 703 (La.App. 4 Cir. 1975); Russo v. Aucoin, 7 So.2d 744 (La.App. 1 Cir. 1942).
Having found no liability on the part of Rock Baldwin, the case against State Farm, the insurer óf a vehicle not involved in this accident and owned by Rock’s father, also falls.
The trial court judgment is reversed insofar as it holds Rock Baldwin and State Farm liable in damages and for costs. Costs of this appeal are taxed to plaintiffs.
REVERSED and RENDERED.
DOMENGEAUX, J., concurs in the result.